THE STATE v. WILCOX, *Appellant.*

Division Two, October 10, 1892

1. **Criminal Law**: RAPE: EVIDENCE. A father may be convicted of the rape of his daughter under fourteen years of age, on the uncorroborated testimony of the daughter, notwithstanding her failure to complain of the outrage.

2. ——: ——: QUESTION OF FACT. The issue being a question of fact for the trial court and the jury, the supreme court will not interfere with the verdict. (*State v. Patrick*, 107 Mo. 147, *distinguished.*)

3. **Criminal Practice**: INSTRUCTIONS. The court instructed the jury in one paragraph that it must find that the offense was committed in the county as charged, and in the paragraph immediately following in relation to the offense the place was omitted. *Held*, that the jury could not have been misled, even though the two paragraphs had been separated.

*Appeal from Macon Circuit Court.* — HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell* for appellant.

(1) The third instruction given for the state is fatally defective. The girl Ollie testifies that at least forty-eight of the seventy-five rapes committed on her were committed in Randolph county. The third instruction is not restricted to any time or place, but tells the jury to convict if defendant had intercourse with her while under fourteen. For aught that appears, under this instruction, the jury may have found defendant guilty of some offense committed in Randolph county. He is only charged with an offense committed in Macon county, and if he committed an offense in

Randolph county he is liable to be prosecuted there. Constitution, 1875, art. 2, sec. 22; *State v. Hatch*, 91 Mo. 568; *State v. Burns*, 48 Mo. 438. (2) The court should have instructed the jury that they ought not to find defendant guilty on the uncorroborated evidence of the prosecuting witness, where the defendant denied the charge in his testimony, even if no such instruction was asked by the defendant. *State v. Patrick*, 107 Mo. 147–171. (3) The evidence is insufficient to support the verdict. *State v. Patrick*, 107 Mo. 173.

*John M. Wood*, Attorney General, for the State.

(1) The indictment charges the offense in the language of the statute, and is sufficient. *State v. Houx*, 109 Mo. 654; Revised Statutes, sec. 3480; *State v. Meinhart*, 73 Mo. 562. (2) The instructions properly submitted the case to the jury, and are correct. See above authorities. (3) No exceptions were saved to the admission or rejection of testimony. *State v. Johnson*, 76 Mo. 121. (4) The allegations in the motion for a new trial as to the statements of the prosecuting attorney were not proved. *State v. McDaniel*, 94 Mo. 301.

MACFARLANE, J.—Defendant was convicted in the circuit court of Macon county of rape, by carnally knowing Ollie Wilcox, a female child under fourteen years. From the judgment he has appealed to this court.

The evidence of complaining witness, if true, discloses a most revolting picture of domestic life. She testified that defendant was her father, and that she was fourteen years old May 10, 1891, and that from the time she was eight years old until April, 1891, he had defiled her at intervals of every few weeks, the last time in Macon county in April, 1891.

Without objection, she detailed by her evidence that when she was eight years old, in Randolph county, the defendant first carnally knew her. At that time he bruised and tore her so that she was confined to her bed for a number of days; that from that time until she became fourteen years of age, these assaults were repeated every few weeks. After the first assault, she told her mother, but not until she had examined her and found blood and bruises. She told no one after that until July, 1891, when she told her half sister. She told it then because she was "tired of living that way." Did not tell it before because she was afraid of defendant who said he would kill her if she told. Defendant told her that all fathers did that way with their girls.

She removed to Macon county with her father's family about two years prior to the trial which occurred October 26, 1891. The testimony of this witness was all the evidence offered by the state in chief.

The defendant testified in his own behalf, and contradicted every charge testified to by the prosecutrix. He also gave a history of his relations with his family, and showed that they were invariably good; that within the last few years he was frequently away from home, as much as weeks and months at a time. In all of this he was corroborated by his son, Willie, eighteen years of age, who further testified that his father's treatment of his wife and children was good, and that he had never seen or heard of any misconduct between his father and Ollie until after the arrest; that he was raised and had lived in the family all his life except a few months he had worked out.

Dr. Pickett testified to the improbability, and almost impossibility, of the story related by the prosecuting witness.

Three other witnesses, relatives of Ollie Wilcox, testified that a few days before the arrest of defendant, she vehemently protested that her father had never mistreated her and threatened to shoot the man who said it. One witness testified that Ollie had told her that this lie had got out through the Cohorns, and that there was a man she could ruin by laying her hands on him, George Stanfield, son of Mrs. Cohorn. Prosecuting witness contradicted these witnesses in her testimony.

An effort was made to impeach the character of defendant for truth. Three witnesses with some qualifications testified that his reputation was bad, while four gave evidence tending to prove it good.

The court gave, with others, the following instructions: "The jury are instructed that although they may believe from the evidence that in the commission of the offense charged there was no force used by the defendant on Ollie B. Wilcox, yet if the jury believe from the evidence that at any time in the county of Macon before the finding of the indictment in this cause, and while she was under fourteen years of age, the defendant had carnal intercourse with the said Ollie B. Wilcox, then you will find the defendant guilty.

"The jury are instructed that the defendant, William D. Wilcox, is charged with carnally and unlawfully knowing one Ollie B. Wilcox, a female child under the age of fourteen years; therefore, if you believe from the evidence that the defendant did carnally know the said Ollie B. Wilcox while under the age of fourteen years, then the state is not required to prove that the defendant forcibly ravished the said Ollie B. Wilcox. It is sufficient for the state to prove that the defendant had intercourse with her while she was under the age of fourteen years."

The last paragraph of this instruction is taken by defendant's counsel as an independent instruction. The record gives it as above, the instructions are not numbered, and we must take and treat them as they appear upon the record.

I.  It is urged with great earnestness by counsel for defendant that the uncorroborated evidence of Ollie Wilcox, the complaining witness, contradicted as it is by the positive and unequivocal testimony of defendant, is insufficient to justify or support the verdict and sentence,  The majority opinion in the *Patrick case* (107 Mo. 147) is confidently cited in support of this contention.  The fourth paragraph of that opinion, in which the learned judge who wrote it so ably discusses the necessity that prompt complaint be made, and other circumstances be shown corroborative of the evidence of the prosecutrix, and the conclusions reached therein, were not concurred in by a majority of the judges.  It will be seen that the fifth paragraph is introduced by an assertion of the inferences to be drawn from the authorities cited and the conclusion reached in the fourth paragraph.  Here the expression is used upon which the defense in this case so confidently relies:  "Where, as here, the defendant occupies the witness stand and explicitly denies the perpetration of the offense charged, thus creating an equipose of oath against oath, then the evidence is wholly insufficient, as there is no corroboration whatever in this case."

After this introduction, the learned judge proceeds to argue the absolute insufficiency of the evidence to support a conviction, and in his conclusions a majority coincided.  The decision settled nothing but that, in the opinion of a majority of the judges, the evidence in that case was insufficient, and followed numerous precedents in like cases, that where the evidence is clearly

insufficient this court will render a final judgment of acquittal. There is no doubt that the failure of the prosecutrix to make timely complaint, and her conduct immediately after the alleged outrage, had great and probably controlling weight in determining the result.

The *Patrick case* and the case at bar are different in almost every essential feature of the offense charged. Carnally and unlawfully knowing a female child under fourteen years of age is made rape under the statute; with this crime defendant is charged. Forcibly ravishing a woman of fourteen years or over is also rape, and of committing that offense, Patrick was charged. These acts are different in every element, except that of carnal knowledge, and calls for different proof. In the *Patrick case*, the crime was charged to have been committed by forcibly ravishing; in this case it was by simple carnal knowledge. The first involves force on the part of the ravisher and want of consent on that of the victim; the latter may have been without force and with consent. In the one case the instincts of woman's nature, at the first opportunity, should have spontaneously given utterance to her anguish on account of the wrong committed; in the other the child may have been anxious to conceal the wrong and protect the wrongdoer. These distinctions between the criminal acts, and the difference in the proof necessary to establish them, are sufficient to show that the failure of a wronged child to make outcry or complaint has but little if any weight in discrediting her testimony. Indeed, it would have none at all in case the wrong was done with her consent, and her testimony was given unwillingly.

It will be seen by reference to the authorities cited in the *Patrick case* that long delay in making complaint "may be explained and excused by proof of sufficient cause therefor; as, for instance, want of suitable

opportunity or duress, or threats by the perpetrator of the wrong.'' Assuming that the failure of the girl to complain or disclose the wrongs done her should ordinarily have affected her credit as a witness, we think the relation of the defendant to and his authority over her, together with the threats which she testified were made, should be considered in determining the probative force of her conduct.

There is another and better ground, to our minds, than fear of personal injury, which tends to excuse this girl for keeping silence. According to her story, the first act was committed when she was only eight years of age, not old enough to understand the signification of the wrong done her. Thus from that day she was trained and corrupted by her own father by repeated acts until she probably lost those womanly feelings which prompt instinctive utterance of horror and anguish at such outrages.

We cannot say then that the evidence of this prosecutrix should be altogether ignored. Improbable as her evidence may be, contradicted on collateral facts as the witness is, monstrous as the accusation against defendant may be, it is still, after all, a question of fact for the trial court and jury, and this court should not interfere.

II. The second error assigned is that, under the instruction complained of, the jury may have found defendant guilty of some offense committed in Randolph county. We do not think the jury could have been misled from this instruction into such an error. The first paragraph of the instruction requires the jury to find that the offense must have been committed in Macon county. The second does not refer to the place at which the act was committed, but to the manner of its accomplishment and to the evidence necessary to establish it. We do not see how an intelligent jury

could have been misled, even though the two paragraphs of this instruction had been separated into two distinct instructions.

We find no error and affirm the judgment. All concur.