## THE STATE v. GEORGE TEVIS, Appellant.

### Division Two, April 11, 1911.

1. **BILL OF EXCEPTIONS: Timely Filing: Change of Court Term.**
Where appellant was given until the second day of the next April term of court to file his bill of exceptions, and in the meantime the Legislature changed the date for holding the term from April to May, so that there was no April term, a bill of exceptions filed on the second day of the May term was filed in time.

2. **INFORMATION: Rape: Incest: ·Conviction.** A charge of rape and incest may be joined in separate counts where they both relate to the same ·transaction. Incest is a lower crime than rape; and though the evidence may show that, if defendant committed either crime it was rape, a conviction of incest may stand, since the State may prosecute for any crime that may be carved out of the unlawful act.

3. **Instruction: Refusing Defendant's.** Where defendant is being prosecuted for incest, and the court of its own motion has instructed the jury that his prior conviction of petit larceny can only be considered as affecting his credibility as a witness and should not be considered any evidence of his guilt of the offense for which he is being tried, it is not error to refuse an instruction asked by him defining the effect to be given to the evidence of his former conviction of petit larceny.

4. **JUROR: Opposed to Capital Punishment: Conviction of Incest.**
Where defendant was convicted of incest, the court did not err in excusing jurors opposed to capital punishment, although the information in one count charged rape, a conviction of which might authorize capital punishment.

5. **INCEST: Insufficient Evidence: Uncorroborated Prosecutrix.**
A conviction for either rape or incest may rest upon the uncorroborated testimony of the prosecutrix; but when her testimony is of a contradictory nature, or when applied to the admitted facts of the case is not convincing, but leaves ·the mind of the court clouded with doubts, she must be corroborated, or a judgment of conviction cannot stand.

6. ────: ────: **Concealment: Fear of Defendant.** Where the prosecutrix, aged sixteen at the time of the last act of alleged incest, testified that the incestuous conduct of her father extended over a period of more than five years; that she protested against the commission of the offense and refrained from informing her mother only because of threats and through fears

of her father; and that she did not inform her mother of the last act for thirteen months thereafter, evidence showing that she was a disobedient child, and that nine months later she forged her father's name to an order for a railroad pass, whereby she obtained transportation, and went to another county, where she remained twelve days without his consent, and then returned home, renders nugatory that part of her testimony to the effect that she acted through fear of her father in concealing from her mother the alleged crime.

Appeal from Henry Circuit Court.—*Hon. C. A. Denton,* Judge.

REVERSED AND REMANDED.

*John Gilbreath* and *Barnett & Barnett* for appellant.

(1) The court erred in giving to the jury the instruction on behalf of the State, authorizing the conviction of the crime of incest. There was absolutely no evidence to support this conviction. The only evidence tending to prove any crime was that of the prosecutrix, and her testimony was positive that her father committed the crime of rape upon her—that she never consented to the act, but that defendant forcibly pushed her back and forcibly held her and ravished her, and threatened to kill her if she told any one; that she resisted; that there was a struggle and that she cried. This is the only evidence of any crime, and this establishes the crime of rape. A party can not be convicted of incest where the evidence proves the commission of a rape. State v. Ellis, 74 Mo. 385; People v. Harriden, 1 Parker's Cr. Cas. 344; Crogan v. State, 22 Wis. 444; DeGroat v. People, 39 Mich. 124; State v. Thomas, 53 Iowa 214; (a) The State v. Harney, 168 Mo. 167, is not in point because the construction of 2172, being the section providing for the punishment of incest, was not under consideration in that case. The indictment there was under section 1838, which

provides that "carnal knowledge of a female of previous chaste character, between the ages of 14 and 18, shall constitute a felony." This indictment was not drawn under this section, but under section 2172, and charged incest—the first count charging rape—neither would the evidence here support a charge under section 1838. But here the defendant was not under the evidence guilty of incest. The prosecutrix's evidence shows that it was rape or nothing. The jury in finding that defendant was not guilty of rape, found that the prosecutrix in so testifying did not testify to the truth. They therefore convicted the defendant on the evidence of a witness which they did not believe. She was uncorroborated. (2) But the jury were not justifiable in finding defendant guilty of any crime under the law. The evidence of the prosecutrix was wholly uncorroborated and was so unsatisfactory that it would be dangerous to permit the conviction to stand. The testimony shows that she said they wanted to convict her father so that her mother could marry a rich man and they would not have to work. The arrest was not made for over a year after the alleged crime was committed. No explanation was given for this delay except that she was afraid of her father, yet she admitted that she was disobedient to her father; that she took money that he gave her to get groceries and used it for other purposes; that she forged her father's name after this in order to get a pass on the railroad; that she traveled around a great deal against her father's consent. She testified that the crime was committed by means of force and violence against her will, yet she never made any outcry, never complained to her mother nor her big brother, also that on the very morning of the alleged offense she talked to her mother in the ordinary and usual way and there was nothing to indicate that an offense had been committed. The jury found that her testimony was not true, that the offense was not committed with force as she testified.

On what theory could the jury find the defendant guilty when they discredit the only witness who testified as to the offense? She testifies that she never would have had her father arrested except that her mother told her to. She was acting under the influence of her mother, who, it seems, had fallen out with her husband and did not want to live with him, but had determined to get rid of him.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) Appellant's first assignment of error is the giving of instruction 7 on the part of the State, authorizing the conviction of appellant of the crime of incest, as charged in the second count of the information. It is not disputed but that Bessie Tevis is the daughter of appellant, and was between the age of fifteen and sixteen years at the date of the alleged crime in the month of March, 1907. While the prosecutrix testified that her father had intercourse with her by reason of threats and without her consent, yet the questions were left for the jury to determine from all the facts and circumstances in evidence, first, whether the crime was committed, and, second, whether it was accomplished by force. The proof shows that said prosecutrix was sleeping with a nine-year-old sister on the morning that her mother went to the depot, and that she did not wake her sister in resisting her father in the commission of the crime alleged; that she did not get up until near six o'clock, and that she did not tell her mother, on her return from the depot, and did not tell her for months after this time. It was a question for the jury to determine whether the crime, as alleged, was committed by force, and constituted the crime of rape, or whether it was committed without the element of force, and defendant was guilty only of the crime of incest, or whether defendant committed

the crime at all. Under the information and proof defendant might be guilty of either rape or incest, or not guilty of either. Raiford v. State, 68 Ga. 674. (2) The crime of incest, as charged, was not merged into the crime of rape, as charged in the second count, and the doctrine of merger, as announced in the case of State v. Ellis, 74 Mo. 385, and its whole brood, is repudiated and directly overruled in the case of State v. Hamey, 168 Mo. 201, and State v. Smith, 190 Mo. 719. (3) Appellant cannot now be heard to complain that he was not convicted of a higher crime than incest, even if the evidence showed him guilty of the crime of rape. State v. Smith, 190 Mo. 720; State v. Hamey, 168 Mo. 167; Bishop's Crim. Law (7 Ed.), sec. 786. (4) Counsel for appellant seem to assume that the jury had to believe *in toto* the testimony of the prosecutrix, or reject *in toto* her testimony. The jury were at liberty to believe any or all of her testimony, or disbelieve all of her testimony, the same as any other witness in the case. From all the facts and circumstances in the case, the jury were at liberty to find that the crime of incest was committed without the element of force. The prosecutrix was fully corroborated by Doctors Gibbons and Hare. The law is well settled that a person charged with the crime of rape by proper averments in the indictment or information, may be convicted of the crime of incest where the proof shows the relation as named in the statute; and that to constitute the crime of incest it does not require the consent of both parties. 1 Bishop's New Crim. Law, sec. 795; 2 Wharton's Crim. Law (10 Ed.), sec. 1751; State v. Chambers, 53 N. W. 1090; State v. Barnes, 2 Idaho 161; State v. Donovan, 61 Ia. 278; Commonwealth v. Goodhue, 43 Mass. 193; Commonwealth v. Bakeman, 131 Mass. 177. (5) The prosecutrix was fully corroborated by the two physicians who made the examination of her, and testified in this case. The court and jury saw and heard the testimony of the prosecut-

ing witness and of the defendant, as well as of all other witnesses in the case, and found defendant guilty of the crime as charged in the second count of the information—that of incest.

BROWN, J.—Defendant was convicted of incest in the circuit court of Henry county. From a judgment fixing his punishment at three years in the penitentiary, he appeals.

The information in this case contains two counts; in the first, defendant is charged with committing rape upon his daughter, Bessie Tevis; and in the second, with incest, by having sexual intercourse with her.

The State's evidence tends to prove that defendant is a section foreman on a railroad, and at the time he is charged with committing this crime, resided with his family, consisting of his wife, his son aged eighteen, a daughter aged sixteen (the prosecutrix), another daughter aged ten, and an infant, in the town of Windsor, in Henry county. That about four o'clock one morning in March, 1907, defendant's wife having gone to the depot to bid a friend good bye, defendant went to the bed where his daughters were sleeping, and by threats, compelled prosecutrix to have sexual intercourse with him. She (the prosecutrix) testified that defendant had been forcing her to have sexual intercourse with him during a period of several years, whenever her mother happened to be away from home at night. The defendant having threatened her life if she informed anyone of his misconduct, she did not tell anyone of his crime until April, 1908, when she confided the matter to her mother.

Within a week or ten days after the prosecutrix informed her mother, they caused the defendant's arrest. The mother was not sworn, but the prosecutrix testified quite fully concerning the alleged crime, and to the facts surrounding it.

On cross-examination she admitted that her father allowed her to associate with other young people; to make trips to near-by towns, that she frequently disobeyed him, and that in December, 1907, she forged her father's name to an order for a railroad pass; and having thus procured transportation, went to the town of Ray, near Kansas City, and remained twelve days; that in January, 1908, she made another trip to Kansas City, and visited friends several days. This last trip was made with her father's consent and in company with her mother. That in April, 1908, defendant gave her ten dollars to go to a store a mile or so away and purchase groceries for the family, and that she and her mother used this money to go to the county seat and prefer this charge. After defendant's arrest, two physicians examined the prosecutrix and found her sexual organ enlarged, but did not express any opinion as to the probable cause of that condition.

The conviction in this case rests entirely upon the evidence of prosecutrix. The jury returned a verdict of not guilty of the charge of rape, but found defendant guilty of incest. Such additional points in the evidence as are necessary to a full understanding of our opinion will be given in connection with our rulings on the issues tendered.

The defendant assigns the following alleged errors: The evidence showed that if any crime was committed it was rape; and that the conviction for incest cannot stand; that the court erred in refusing an instruction limiting the effect of the evidence that the defendant had been convicted for petit larceny; that the court erred in excusing jurors because they were opposed to capital punishment; and that upon the whole case the court should have directed an acquittal.

## OPINION.

The Attorney-General contends that there is nothing but the record proper before us—that the bill of exceptions was not filed in time. Defendant was convicted at the January term, 1909, of the Henry Circuit Court, and was granted until the second day of the next April term to file his bill of exceptions. In the mean time the Legislature changed the date of holding the spring term of said court from April to May; so that there was no April term held; and the bill of exceptions was filed on the second day of the May term, 1909. We rule that the bill was filed in time to bring the exceptions therein contained properly before this court for review.

We must overrule defendant's first assignment. Incest is a lower crime than rape. When the same completed act constitutes a violation of more than one law, the State may prosecute for any crime which can be carved out of such unlawful act. [Wharton's Criminal Law (10 Ed.), sec. 27; State v. Smith, 190 Mo. l. c. 720.] There is no impropriety about joining the charge of rape and incest where they both relate to the same transaction. [State v. Goodale, 210 Mo. 275.]

The court did not err in refusing defendant's instruction defining the effect to be given to evidence of defendant's conviction of petit larceny, because by an instruction given of its own motion the court had properly informed the jury that defendant's prior conviction could only be considered as affecting his credibility as a witness, and should not be deemed any evidence of his guilt of the crime for which he was then on trial.

There was likewise no error on the part of the court in excusing jurors who were opposed to capital punishment, because one count of the indictment charged the offense of rape, a conviction upon which might authorize the infliction of capital punishment.

We have read and re-read the record in this case
with much care, and while it is with great reluctance
that we find it necessary to overturn the verdict of
the jury that heard the evidence and had an oppor-
tunity to observe the conduct of the witnesses on the
stand, this is one of those rare cases in which it be-
comes our duty to do so.

A conviction in cases of either incest or rape may
be had upon the uncorroborated evidence of the prose-
cutrix, but when the evidence of such prosecutrix is
of a contradictory nature, or when applied to the ad-
mitted facts in the case, her testimony is not convinc-
ing, but leaves the mind of the court clouded with
doubts, she must be corroborated, or the judgment can-
not be sustained. [State v. Goodale, 210 Mo. 275, l. c.
290; State v. Brown, 209 Mo. 413.]

In this case the prosecutrix testifies that the in-
cestuous conduct of her father was continued over a
period of more than five years; that she protested
against the commission of this abominable and unnat-
ural crime and only refrained from informing her
mother through fear of her father; but her own admis-
sions on cross-examination are that she disobeyed her
father at pleasure; and there is not one word in the
record that he ever chastised her or gave her cause
to be afraid of him. Yet she waited thirteen months
after the last act of sexual intercourse is alleged to
have been committed before informing her mother.
It is very improbable that the defendant could con-
tinue to commit incest with his daughter for more than
five years and the mother have no knowledge thereof.
Such things are possible, but in a high degree improba-
ble. The fact that prosecutrix was a disobedient child
and that she forged her father's name to an order for
a railroad pass whereby she obtained transportation
and went to Jackson county, where she remained twelve
days without his consent, renders nugatory that part
of her testimony wherein she says she acted through

fear in concealing from her mother the alleged crime of her father.

The son Harry, eighteen years old, seems to have been emancipated by his father. At least he had left the parental roof a few weeks before April, 1908, and was out in the State of Washington when his father was arrested. This son immediately returned home and after talking with the prosecutrix and making some investigations regarding the alleged crime, took up the fight for his father. He testified that his sister was disobedient, but that he had never seen any indication of improper relations between her and the defendant. We can see no reason why he should espouse the cause of his father if he found any grounds for believing that his sister had been wronged. He was under no restraint of any kind, and in a good position to correctly guage the veracity of prosecutrix. His evidence is entitled to much weight.

The defendant went upon the stand and denied the evidence of the prosecutrix in detail. The prosecuting attorney did not attempt to cross-examine him, except to elicit the fact that he had pleaded guilty to petit larceny in the theft of a barrel of linseed oil some seven years before—a peculiar theft for a man working on a section with no facilities for concealing or disposing of such property. The defendant having testified in his own behalf, the prosecution tried to impeach his reputation, but no witness was produced who could testify that his reputation for morality was bad, or who had ever heard of him committing an immoral act except the one for which he was then on trial. The overwhelming preponderance of the evidence is that defendant is a truthful man. Even the constable who lived just across the street from defendant at the time of the alleged crime, and who appears to have been unfriendly to the defendant, admitted on cross-examination that he had never heard anyone question defendant's veracity. A witness who boarded at de-

fendant's house testified that he saw no evidence of improper relations between defendant and prosecutrix. Some of his nearest neighbors gave like testimony. Defendant's ten-year-old daughter was not sworn as a witness. Mrs. Reiser, a restaurant-keeper in a near-by town, testified that after defendant's arrest, she asked the prosecutrix why she had her father locked up, and received the reply that she had told her troubles to a Holiness preacher at Kansas City, who advised her that unless she had her father arrested she could never go to Heaven. That prosecutrix also said that after they got rid of her father her mother could marry a richer man and they would not have to work.

After a careful survey of the whole case, we find that the evidence is not sufficient to sustain the conviction, and we therefore reverse the judgment and remand the cause. If upon a retrial the evidence of guilt is not stronger than at the first trial, the circuit court should direct an acquittal.

*Kennish, P. J.,* and *Ferriss, J.,* concur.