The State v. Roy Barnes, Appellant.—29 S. W. (2d) 156.

Division Two, June 11, 1930.

*Shain, O'Bannon & Shain* for appellant.

548

*Stratton Shartel*, Attorney-General, and *Henry Depping*, Assistant Attorney-General, for respondent.

BLAIR, P. J.—Defendant was convicted of rape. His punishment was fixed at imprisonment in the state penitentiary for a term of three years. He has appealed from the judgment entered on the verdict.

The prosecutrix lived with her parents in Sedalia. Her testimony was that, on the evening of May 28, 1928, she was induced by defendant to enter his automobile for the purpose of taking a ride. They drove east of Sedalia on the Smithton road. Defendant drove his automobile off the main highway and parked it along the roadside. He there forced prosecutrix to submit to him and had sexual intercourse with her in the automobile. She was at that time under sixteen years of age, the statutory age of consent. It may well be doubted from the testimony of prosecutrix that she offered any serious resistance to defendant, because she testified that she afterwards entered defendant's automobile upon several occasions and drove with him to out-of-the-way places near Sedalia

where they indulged in the same act. The relation continued for three or four months.

In October, and after prosecutrix discovered that she was pregnant, she told her mother for the first time of her relations with defendant. A child was born to prosecutrix in February, 1929. Prosecutrix testified that she had never had sexual relations with any man other than defendant.

No one who testified, except the sister of prosecutrix, testifying in rebuttal, had ever seen prosecutrix with defendant. The sister said that she had been in the automobile with prosecutrix and the defendant on several occasions and had seen them together a number of times. Prosecutrix said she would leave home, ostensibly to go to church, and would there meet defendant and go away with him in his automobile. She said she had never gone with any other boys, and she and her parents testified that she had been forbidden to do so. Her meetings with defendant appear from her testimony to have been practically clandestine.

Defendant stoutly denied having taken prosecutrix into his automobile at any time or that he had ever been out with her or alone with her. He knew her by sight, because they lived in the same general neighborhood, but he did not even have a speaking acquaintance with her. He denied having had sexual intercourse with her.

Prosecutrix fixed the time of the first act as the evening of May 28th. Defendant testified that he was in attendance upon meetings at a different church or tabernacle in Sedalia on the nights prosecutrix testified he was with her. In this he was corroborated by two young women, one of them apparently the fiancee of defendant, who testified that they were with him at such meetings. Defendant offered evidence tending to show that he sustained a good reputation for honesty and morality. The State offered no evidence to the contrary. Defendant also offered evidence tending to show that prosecutrix sustained a bad reputation for morality.

Defendant introduced evidence tending to show that prosecutrix had been seen leaving church, riding in automobiles and at other places with young men other than defendant. These witnesses had never seen prosecutrix with defendant. He also produced witnesses who testified that they had seen prosecutrix at a dance in the country near Sedalia; that she was drinking at the time; that she took young men outside and was out with them for some time. The inference sought to be created, no doubt, was that she was then engaged in immoral conduct with them.

How testimony of specific acts of alleged misconduct on the part of prosecutrix was admissible, is not clear; but the State seems to have let it come in without objection. However, the State called in rebuttal the men who gave the particular dance and they denied

that prosecutrix was the young woman described by defendant's witnesses. Prosecutrix herself stoutly denied her presence at that dance. Defendant also sought to show a specific act of church disturbance by prosecutrix. But the minister in attendance testified that the prosecutrix was not the girl who created the disturbance. She also denied any such act on her part. In fact, the charge of her attendance on this dance and drinking and misbehaving herself thereat and the charge of church disturbance were quite thoroughly refuted by the State. If the jury thought these witnesses had testified falsely and that defendant had procured their perjured testimony, they may have weighed the other evidence offered by defendant in the same scales.

Defendant contends that the testimony of prosecutrix is uncorroborated in any substantial way and is so unbelievable, so unconvincing and so contradicted by the overwhelming weight of the testimony, that this court should not permit the conviction to stand. Counsel admit that a conviction may be sustained upon the uncorroborated testimony of the prosecutrix, but argue that we should not permit the conviction to stand in this case, and cite State v. Patrick, 107 Mo. 147, 17 S. W. 666, and State v. Goodale, 210 Mo. 275, 109 S. W. 9, in support of their contention.

Counsel admit that the rule seemingly laid down in the Patrick case by Court en Banc is not now the law. It was there said that, where the prosecutrix in a rape case is not corroborated and the accused denies the charge, there is an equipoise of oaths and the evidence must be deemed insufficient to support a conviction. In State v. Marcks, 140 Mo. 656, 41 S. W. 973, 43 S. W. 1095, Court en Banc effectively disposed of such supposed rule and held that a conviction for rape could be sustained upon the uncorroborated testimony of the prosecutrix. Such has been the rule uniformly followed ever since.

However, defendant relies upon the Goodale case. Like the Marcks case and many recent decisions, the Goodale case recognizes the rule that a conviction for rape may rest upon the uncorroborated testimony of the prosecutrix. But in the Goodale case, and in the others of like effect which defendant has not cited, this court seems to have usurped the functions of the jury and refused to let convictions stand because the testimony of the prosecutrix was deemed unconvincing and improbable in view of the facts and circumstances of the case, notwithstanding the positive, though uncorroborated, testimony of the prosecutrix tending to show a state of facts neither impossible of existence nor inherently improbable in itself and not contrary to human experience.

No sufficient reason appears why a rape case should stand on any different ground from any other case in respect to the sufficiency

of the evidence to make a case for the jury. Where, as here, the prosecutrix tells a positive and unshaken story of sexual outrage, which in itself is entirely possible and not contrary to human experience, it is the exclusive province of the jury to pass upon the truth of her story. An appellate court should not usurp the proper functions of the trial court and jury and set the conviction aside merely because it may disagree with the jury as to the truthfulness of the story told by the prosecutrix or think the trial court should have set the verdict aside as against the weight of the evidence.

We have been over this matter so frequently in recent cases that it should be unnecessary to cover the same ground again. [State v. Sikes (Mo. Sup.), 24 S. W. (2d) 989; State v. Thomas, 318 Mo. 843, 1 S. W. (2d) 157; State v. Wade, 306 Mo. 457, l. c. 465, 268 S. W. 52; State v. Cooper (Mo. Sup.), 271 S. W. 471; State v. Atkins (Mo. Sup.), 292 S. W. 422.] We are not authorized to set aside the judgment for the reasons urged by defendant.

We will briefly notice other errors assigned, although we are satisfied they are without substantial merit. Error is claimed because of the conduct of counsel for the State in cross-examining defendant's witnesses. Looking to the motion for new trial, we find the only specific assignment of this character is the third paragraph thereof which complains because the prosecuting attorney was permitted to ask witnesses on cross-examination, if they were engaged in making liquor. We only recall one instance of that character. It should require no citation of authority to demonstrate that the scope of the cross-examination is largely within the discretion of the trial court. [See 40 Cyc. 2511, et seq.; State v. McLaughlin, 149 Mo. 19, l. c. 32, 50 S. W. 315; State v. Wagner, 311 Mo. 391, l. c. 411, 279 S. W. 23.] It is proper to ask witnesses on cross-examination concerning conduct on their part which would affect their credibility as witnesses, if such conduct is admitted. There is nothing in the record to show that the mere asking of such a question, followed by a negative answer which is conclusive on the State, is sufficient to discredit a witness in the county where defendant was tried. Other contentions of alleged misconduct of counsel in cross-examination of defendant's witnesses, which are set forth in the brief, find no basis in the motion for new trial and cannot be considered.

Complaint is made because the trial judge on his own motion rebuked a young woman witness for defendant when she referred to a man mentioned in her testimony "as a guy." The only possible basis for this assignment of error in the motion for new trial is paragraph 4, reading as follows: "Because the court erred in making improper remarks to witnesses when they were testifying, calling the witnesses' and jury's attention to words in common parlance which seemed to grate upon

the court's nerve, but the calling of the attention of same to the jury prejudiced the jury against this defendant.''

It is doubtful if the assignment is sufficiently specific and definite to comply with Section 4079, Laws of 1925, page 198. But, assuming such compliance, we regard the incident as too trivial and unimportant to deserve appellate review. We are unable to comprehend how defendant could have been prejudiced by the court's rebuke of the witness. But aside from that, we are not in a position to determine the propriety of the rebuke, since we have no means of knowing what the attitude and manner of the witness were which evoked the so-called rebuke from the trial judge. Control of the conduct and demeanor of the witnesses must necessarily be left largely to the discretion of the trial judge. An appellate court, reviewing the trial proceedings from the printed record, should not substitute its judgment for that of the trial judge in such matters, in the absence of knowledge of all the facts and circumstances and without any attempt being made to show an abuse of the trial court's discretion. The assignment is overruled.

Defendant claims that error was committed because the trial court permitted the State to go into matters in rebuttal which were properly a part of the State's case in chief and which had been already covered in the State's case in chief. The order of proof is a matter within the sound discretion of the trial court with which an appellate court will not interfere, in the absence of a showing that such discretion was not soundly exercised and that prejudice resulted therefrom. This we fail to find. [State v. Keller (Mo. Sup.), 281 S. W. 960, l. c. 963.]

Nor is there any greater merit in defendant's complaint that ''hired counsel'' for the prosecution was permitted to conduct such examination. We are not aware of any rule which denies special counsel in a criminal case the right to examine witnesses.

The foregoing comprise all the assignments of error found in defendant's brief. In the motion for new trial, the fifth assignment of error was as follows:

''While the offense charged is a statutory offense, the sole and only testimony offered by the State and given by the prosecuting witness was that the act was accomplished by force. That, notwithstanding the fact the only testimony given was that force was used, the court erred in repeating in three instructions numbered 3, 4 and 5, the fact that force was not a necessary element of the offense. Therefore the court erred in failing to give an instruction of caution to the jury to the effect that no outcry was made at the time or that a long failure to report said act to anyone were circumstances they should consider in passing upon the guilt or innocence of the defendant.''

The record shows that defendant objected and excepted to the giving of said instructions. However, they correctly stated the law and the defendant has no just ground for complaint merely because the law was stated in different ways. Whether defendant was entitled to have a cautionary instruction given on the effect of the failure of the prosecutrix to make any outcry or to report promptly the alleged outrage upon her, we need not consider, because defendant asked no such instruction. It would have related to a collateral matter. The trial court was not required under Section 4025, Revised Statutes 1919, to give such an instruction unless requested to do so.

No complaint is made concerning the formal sufficiency of the information, verdict or judgment. Nevertheless, we have carefully examined the same and find them to be in legal form and sufficient in every way.

The jury saw the witnesses and observed their demeanor when testifying and believed the story of the prosecutrix and disbelieved the story of defendant. It was the peculiar province of the jury to determine which set of witnesses it would believe. There is substantial evidence in the record authorizing the verdict returned by the jury. The trial judge likewise saw and heard the witnesses and was in a position to form an intelligent judgment concerning the credit which could properly be accorded to their testimony. He has not seen fit to disturb the verdict as being against the weight of the evidence. It is not our province to weigh the evidence.

As we find no reversible error in the record, it becomes our duty to affirm the judgment. It is so ordered. All concur.