**STATE of Missouri, Respondent,**

v.

**Hazen SHANNON, Appellant.**

No. 43637.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Joseph W. Downey, Public Defender, Erica Leisenring, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The primary issue raised in this rape and sodomy conviction is whether defendant ejaculated. If not, he contends, the trial court erred in refusing his instruction on what he claims was the lesser included offenses of sexual abuse, Sections 566.100.1(1) and 566.010.1(3).

The jury found defendant guilty of both rape and sodomy. The trial court sentenced him as a persistent offender to concurrent thirty year terms.

The state's evidence: The victim left her work as a tavern waitress in the early morning. She stopped off at a hamburger stand and as she left defendant accosted her physically and dragged her down an alley to a wooded area. Passers-by saw the abduction and alerted police who were unable to locate the victim or her attacker.

The critical evidence focused on the victim's physical examination. It showed multiple wounds but no seminal fluid in either vagina or rectum. The victim had testified positively to both penetrations. As to the rape she testified it felt like defendant ejaculated; concerning the sodomy she testified defendant "had his climax and told me so".

■ As said, defendant first challenges the denial of his instructions on sexual abuse. This is doubly invalid. First, sexual abuse is not a lesser included offense; this, because it includes a factual element neither in evidence nor essential to rape or sodomy. That element is a defendant's conduct of touching the victim for the purpose of arousing or gratifying sexual desire; there was no such evidence. In *State v. Smith*, 592 S.W.2d 165[1–3] (Mo.banc 1979) the court adhered to the established rule that "if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." Further, the evidence showed defendant's penile penetration both vaginally and rectally. Ejaculation is not a necessary element of either offense charged.

■ We deny defendant's first point and go to his second. He contends the court should have granted a mistrial when on cross-examination one of the bystanders spoke of another witness. He was asked if he had heard the other witness mention defendant's name; he answered that the other witness "was talking about somebody—a halfway house or something." The court refused to grant a mistrial. We find the vague reference was not evidence of another crime. Denial of a mistrial was within the court's discretion. Compare *State v. Warden*, 591 S.W.2d 170[2–6] (Mo. App.1980) and *State v. Burns*, 581 S.W.2d 590[7–9] (Mo.App.1979).

■ Defendant also claims error in denying a mistrial for reference to a mug shot. The state's primary eyewitness had identified defendant at a lineup and did so at trial. The prosecutor also asked him if the police had suggested that he "picked out the particular mug shot of Hazen Shannon". The court denied defendant's motion for a mistrial. There was no inference that defendant had been convicted of another crime. Reference to "mug shots" does not necessarily show other crimes. *State v. Rutledge*, 524 S.W.2d 449[11, 12] (Mo.App. 1975). To warrant a mistrial a defendant has to show mug shots in police files are, or jurors believe them to be, photos of persons who have committed other crimes. *State v.*

*Harris*, 534 S.W.2d 516[7] (Mo.App.1976). Defendant has not met this test.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.