STATE of Missouri, Respondent,

v.

Donald W. FOGLE, Jr., Appellant.

No. 52200.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 17, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 17, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Janet M. Thompson, Tim Wynes, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury tried case, Donald Fogle, Jr., appeals from his conviction of rape, in violation of § 566.030, RSMo.1986. Fogle was sentenced to five years in the Missouri Department of Corrections and Human Resources.

The appeal raises three issues. First, whether allowing the four-year-old victim to testify without a demonstration of competency violated appellant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Missouri Constitution. Based on the recent decision of *State v. Williams*, 729 S.W.2d 197 (Mo. banc 1987), we find that it did not. Second, whether there was sufficient evidence to establish that defendant had performed the alleged act, when the ultimate source of the evidence was a four-year-old child. We hold that there was sufficient evidence, because the testimony of the victim is considered sufficient, unless it is highly contradictory. *State v. Johnson*, 685 S.W.2d 603, 604 (Mo.App.S.D.1985). Third, whether the trial court committed plain error when it allowed into evidence statements made by the victim about the rape to a next door neighbor and the victim's paternal grandmother. We hold that it was not plain error.

Briefly, the evidence indicates that some time in August, September, or October, of 1985, the victim, then about three and one-half years of age, went to visit her uncle, the defendant, at his trailer in Shelbina, Missouri. On October 30, 1985, she told a neighbor, Linda Helms, that "When he [defendant] put his privates in my privates, I cried." Sometime later that fall, the neighbor told the victim's paternal grandmother what the child told her.

The victim was examined by a physician, who found a three millimeter scar from a previous laceration located at the fornix of the vagina. In addition, the child told the doctor that her uncle had put his privates in her privates.

In January 1986, Division of Family Services caseworker Jeffrey Lipp interviewed the victim, using anatomically correct dolls. She demonstrated the act of sexual intercourse by having the male doll placed over the female doll and explaining that "Uncle Donnie was putting his ding-dong in her pee-pee." Defendant was confronted with these allegations; he denied them.

■ The first issue is whether allowing the victim to testify, without a preliminary demonstration of competency, violated defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Missouri Constitution.

Defendant asserts that § 491.060(2), RSMo.1986, which provides that "... a child under the age of ten who is alleged to be a victim of [a sexual offense] shall be considered a competent witness and shall be allowed to testify without qualification in any judicial proceeding involving such alleged offense ..." is unconstitutional. However, the Supreme Court of Missouri, in response to a similar challenge, found that (1) the statute does not deprive a defendant of a meaningful opportunity to defend against the charges, (2) there is no denial of equal protection, nor (3) is a defendant denied his right of confrontation. *State v. Williams*, 729 S.W.2d 197 (Mo. banc 1987). Point denied.

■ Second, defendant claims that there was insufficient evidence to establish that he had performed the alleged act because the ultimate source was a four-year-old girl. We, however, find that there is sufficient evidence to convict.

■ In reviewing the sufficiency of the evidence we must view the evidence in the light most favorable to the verdict of the jury, *State v. Van Orman*, 642 S.W.2d 636, 637 (Mo.Div.1 1982); *State v. Cooper*, 673 S.W.2d 848, 849 (Mo.App.S.D.1984) and, uncorroborated testimony of a rape victim

will ordinarily sustain a rape conviction. *State v. Ivy,* 710 S.W.2d 431, 434 (Mo.App. E.D.1986); *State v. Chamberlain,* 648 S.W. 2d 238, 240 (Mo.App.S.D.1983). Corroboration is only needed when the victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience as to be doubtful and unconvincing. *State v. Harris,* 620 S.W.2d 349, 353 (Mo. banc 1981). Here the child's testimony was neither doubtful nor contradictory. She related the same story on the stand that she had related several times previously. Therefore, because the victim's testimony was not contradictory and there were no essential inconsistencies, we rule this point against the defendant.

 Lastly, defendant claims that it was plain error to admit into evidence statements made by the victim to a neighbor and her paternal grandmother concerning the rape. Defendant asserts that the statements are hearsay and inadmissible unless the procedures mandated by § 491.075.1(1) are followed, and they were not. This section provides that a statement made by a child under the age of twelve relating to a sexual offense is admissible in evidence in a criminal case if a hearing, outside the jury's presence is held to determine the reliability of the statements. Such a hearing was not held.

 We find defendant's claim to be without merit. Defendant has not met the plain error standard. Plain error must be exercised sparingly. It is limited in its application to cases where there is a manifestation and showing that injustice or miscarriage of justice will result if plain error is not invoked. *State v. Murphy,* 592 S.W.2d 727, 732 (Mo. banc 1979); *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.Div.1 1983). That is not the case here.

The trial court's ruling is affirmed.

SIMON, P.J., and CRANDALL, J., concur.