STATE of Missouri,
Plaintiff–Respondent,

v.

Ronald LANGLOIS,
Defendant–Appellant.

Ronald LANGLOIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54977, 56729.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1990.

Judith C. LaRose, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal of defendant's judgment finding him guilty of rape and the judgment denying his *pro se* Rule 29.15 motion.

Viewed in the light most favorable to the verdict, the evidence which was adduced at trial was as follows: C.L., defendant's daughter, testified that when she was five years old and living with her mother and the defendant in Bonne Terre, the defendant took her into her mother's bedroom. In the bedroom the defendant took his own clothes off and also undressed C.L. Defen-

dant then touched and kissed C.L.'s "privates," got on top of C.L. and put his penis into C.L.'s "private." C.L. said that she saw some stuff that looked like glue come out of defendant's penis.

Dr. Diane Merritt, a physician at Barnes Hospital, testified that she examined C.L. The examination revealed an injury to C.L.'s vaginal area, which was scarred and healed, and that C.L.'s hymen was completely absent. Although the doctor could not give a "yes" or "no" answer to whether or not C.L. was abused, she did testify that the injury to the vagina was consistent with penetration.

On September 6, 1988, defendant filed a *pro se* motion for post-conviction relief. On April 17, 1989, the motion court entered findings of fact and conclusions of law denying defendant's motion without an evidentiary hearing.

Defendant raises four points on appeal. Two points concern the direct appeal of his conviction. Two other points concern the denial of defendant's motion for post-conviction relief. We affirm the decisions of the trial court and the motion court.

In defendant's first point, he alleges that the trial court erred in allowing two social workers to testify regarding statements made to them by C.L. because the trial court failed to conduct a hearing pursuant to § 491.075 RSMo 1986, in order to determine if the statements were reliable.

■ Since defendant did not request a § 491.075 hearing, did not object at trial to the testimony in question and did not include any objection in his motion for a new trial, the only basis for review is discretionary review for plain error under Rule 30.20. In *State v. Fogle*, 743 S.W.2d 468, 470 (Mo.App.1987), we stated that plain error is to be limited in its application to cases where there is a showing that injustice or miscarriage of justice will result if plain error is not involved. In *Fogle* we also found that a failure to conduct a hearing to determine the reliability of statements as is required by § 491.075 does not constitute plain error.

In the present case defendant has failed to show that plain error existed and manifest injustice occurred. We find the challenged testimony was cumulative to the evidence elicited by C.L. In addition, C.L. was available at trial and was competently cross-examined by defendant's counsel. Point denied.

■ In defendant's second point, he charges that the trial court erred in submitting the rape charge to the jury, because the evidence was not sufficiently substantial to support his conviction in that C.L. made contradictory statements and since her testimony was uncorroborated.

In deciding the sufficiency of the evidence to support a conviction, the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict and all contradictory evidence and inferences are disregarded. *State v. Guinan*, 665 S.W.2d 325, 329 (Mo. banc 1984). Our sole determination is "whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged." *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984).

Unless gross inconsistencies and contradictions which bear on a proof essential to the case occur, "a resolution of conflicts in the evidence and the determination of the credibility of the witnesses are matters for the jury to determine." *State v. Koonce*, 731 S.W.2d 431, 439 (Mo.App.1987).

The testimony in this case did not contain gross inconsistencies and contradictions which bear on the proof essential to the case, so as to require corroboration of the victim. The testimony of the two social workers as to the statements made to them by C.L. and C.L.'s testimony are consistent. The only variances in the testimony pertained to the amount of detail in the statements. Defendant's second point is denied.

Next, defendant argues that the motion court erred in denying him an evidentiary hearing on his 29.15 motion since he alleged that his trial counsel failed to investigate and interview potential alibi witnesses and failed to investigate business records from defendant's employer.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). The motion court's findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987).

The motion court found that defendant's trial counsel exercised customary skill and diligence in his representation of the defendant and the defendant was not prejudiced as a result of the representation.

We do not find that the motion court was clearly erroneous. Defendant failed to indicate how the potential witnesses or business records would have provided defendant with an alibi for the entire month of September, 1986. Also, there is no indication that trial counsel was provided with the names of these witnesses prior to trial. Defendant's third point is denied.

In defendant's fourth point, he contends that the motion court erred in failing to enter specific findings of fact and conclusions of law regarding the allegations raised in defendant's 29.15 motion.

In *Seltzer v. State*, we held that although the findings of the motion court were not itemized, they were sufficient because they were adequate to allow this court to review the movant's contentions. *Seltzer v. State*, 694 S.W.2d 778 (Mo.App. 1985). In this case also, the motion court's generalized findings concerning the effectiveness of counsel adequately allow us to review the defendant's contention. Defendant's fourth point is denied.

Judgments affirmed.

CRANDALL and KAROHL, JJ., concur.