STATE of Missouri,
Plaintiff/Respondent,

v.

Norman NELSON, Defendant/Appellant.

Norman NELSON, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 57214, 59408.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1991.

J. Bryan Allee, Kansas City and William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., and Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Judge.

■ Defendant, Norman Nelson, was convicted by a jury of one count of rape in violation of § 566.030 RSMo 1986 and one count of sodomy in violation of § 566.060 RSMo 1986. He was sentenced to a term of fifteen years imprisonment on each count, the sentences to run concurrently. He appeals from this judgment on the ground of insufficient evidence, claiming that the victim's testimony was inconsistent and not corroborated. We affirm on the grounds that no corroboration of the victim's testimony was required. Defendant also appeals from the denial of his 29.15 motion for post-conviction relief. However he did not brief this appeal. His appeal from the order of the motion court is dismissed by reason of abandonment. *State v. Mayo*, 784 S.W.2d 897 (Mo.App. 1990).

The evidence, viewed in the light most favorable to the verdict, reveals that the victim, her boyfriend, the defendant, and his girlfriend were all living together in the same home in St. Louis County, Missouri. In the late afternoon or evening of November 30, 1988 everyone was at the home with the exception of the victim's boyfriend who was at work.

The defendant approached the victim and asked her if he could borrow ten dollars. The victim told him that all she had was two one hundred dollar bills which were to be used for rent money. She gave one of the bills to defendant and told him to bring back the change. Defendant left for approximately forty-five minutes. When he returned he told the victim that someone had stolen the $100 bill. When the victim questioned this, defendant told her he would take her to the scene of the theft.

Defendant and the victim got into defendant's truck and began riding around. Defendant told the victim that they would drive around so he could find some friends to lend him the missing money. They continued to drive around for a half an hour to forty minutes. Defendant then told the victim that they were going to park the truck and talk about where they were going to get the money. Defendant parked the truck next to a burned and abandoned house in Kinloch, Missouri and they sat in the truck for about ten minutes. Defendant then started making advances towards the victim. He told her he wanted her and was "going to get it." The victim testified she jumped out of the truck and attempted to flee but defendant caught her and threw her up against the wall of the abandoned house. Defendant grabbed and slapped the victim, while the victim screamed for help.

Defendant then went through a basement window of the abandoned house, pulling the victim with him. The victim testified she lost one of her tennis shoes outside of the house during this struggle. The victim landed on a couch and tried to climb back out of the window but defendant pulled her back down on the couch. The victim testified that defendant continued to slap her and then proceeded to remove her pants and underwear. The victim continued to fight and plead with the defendant to stop but he continued to strike her. After defendant had removed the victim's lower body clothing he told her "we are not leaving here until I reach my climax, we are not going to leave here until that." The victim continued to plead with him to stop. Defendant then unzipped his pants and sodomized the victim. Defendant, after alternatively and repeatedly sodomizing and attempting intercourse with the victim over the course of an hour, eventually penetrated the victim's vagina. Defendant then threatened to kill the victim if she told anyone about it. They left the abandoned house in defendant's truck and went back to their residence. He told her to fix her

hair which had become disarranged in the encounter, but she did not do anything to it. The victim telephoned her mother and told her of the incident. The victim's sister picked the victim up and took her to her mother's house where the victim called the police to report the crime. Her sister observed that the victim was "crying and hysterical." When the police officers arrived they called an ambulance. She was taken to Regional Medical Center. The emergency room nurse testified that when she first saw the victim she was quietly lying down and that when she examined her, she still did not talk but was crying, upset, sore to touch and "hollering" in pain. She was covered with bruises, abrasions and dirt. A vaginal swab disclosed the presence of sperm cells. The state introduced photographs of the victim which disclosed the numerous cuts and bruises and dirt on the victim's body as well as her disarranged hair. The state also introduced photographs of the burned house, the basement window and couch.

■ For his sole point defendant asserts that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence on the grounds that the evidence of guilt was insufficient because the victim's testimony was inconsistent and was not corroborated. We disagree.

■ In determining whether the evidence is sufficient to support a conviction, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and we disregard all contradictory evidence and inferences. *State v. Langlois*, 785 S.W.2d 679, 681 (Mo.App.1990). We look only to whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *Id.* Questions of credibility of witnesses and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury. *State v. Carter*, 670 S.W.2d 104, 108 (Mo. App.1984). It is within the jury's province to believe all, some, or none of any witness's testimony in arriving at its verdict. *Id.* The testimony of one witness may be

sufficient to sustain a conviction even if the testimony is inconsistent. *State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980).

■ In cases involving sexual offenses, the victim's testimony will ordinarily sustain a conviction, even if uncorroborated. *State v. Hill*, 808 S.W.2d 882, 890–91 (Mo. App.1991); *State v. Dee*, 752 S.W.2d 942, 944 (Mo.App.1988). However, defendant asks us to review the victim's testimony under an exception to the general rule, which has unique application to victims of sexual offenses, which is stated as follows: "[W]here the evidence of the prosecutrix is of a contradictory nature or, when applied to the admitted facts in the case, her testimony is not convincing and leaves the mind of the court clouded with doubts, she must be corroborated or a judgment cannot be sustained." *State v. Baldwin*, 571 S.W.2d 236, 239 (Mo. banc 1978). Defendant states the test is whether the victim's testimony is so contradictory or in conflict with the physical facts, surrounding circumstances, and common experience as to make it unconvincing. *State v. Harris*, 620 S.W.2d 349, 353 (Mo. banc 1981). The state argues that this exception should no longer exist and that the testimony of a victim of a sexual offense should be subject to the same standard of review as that of any other witness.

The exception which defendant urges us to apply has a long history in this state. In early cases Missouri courts held that where a conviction for a sexual offense was heard on the uncorroborated testimony of the female victim, "the appellate court will closely scrutinize the testimony upon which the conviction was obtained, and, if it appears incredible and too unsubstantial to make it the basis of a judgment, will reverse the judgment." *State v. Goodale*, 210 Mo. 275, 109 S.W. 9, 11 (1908). The rationale for this relief, as explained in *Goodale*, had two bases. First, the court said the admonition of Lord Hale that " 'it must be remembered that this is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent', must be heeded." 109 S.W. at 11. Second the

court noted that "this charge has often been the result of malice and hidden motives." *Id.* In *State v. Tevis*, 234 Mo. 276, 136 S.W. 339, 341 (1911) the court held, "when the evidence of [the] prosecutrix is of a contradictory nature, or when applied to the admitted facts in the case her testimony is not convincing but leaves the mind of the court clouded with doubts, she must be corroborated, or the judgment cannot be sustained." Under these decisions, appellate courts reviewed the victim's testimony in detail, making their own assessments of whether the testimony was credible and convincing.

The Missouri Supreme Court criticized this approach in *State v. Barnes*, 325 Mo. 545, 29 S.W.2d 156, 158 (1930) holding,

> "this court seems to have usurped the functions of the jury and refused to let convictions stand because the testimony of the prosecutrix was deemed unconvincing and improbable in view of the facts and circumstances of the cases notwithstanding the positive, though uncorroborated, testimony of the prosecutrix tending to show a state of facts neither impossible of existence nor inherently improbable in itself and not contrary to human experience."

The court went on to hold that "[n]o sufficient reason appears why a rape case should stand on any different ground from any other case in respect to the sufficiency of the evidence." *Id.* In *State v. Langston*, 382 S.W.2d 612, 615 (Mo.1964) the Missouri Supreme Court again rejected the exception set out in *Tevis* and *Goodale* and followed instead *State v. Wilcox*, 111 Mo. 569, 20 S.W. 314, 316 (1892) which held no matter how improbable or contradicted the victim's testimony may be, it is a question of fact for the jury with which the appellate court should not interfere.

However, despite its apparent rejection in *Barnes* and *Langston*, the exception stated in *Tevis* and *Goodale* has continued to be cited and applied in a line of Missouri cases continuing to the present. *State v. Burton*, 355 Mo. 467, 196 S.W.2d 621, 622–23 (1946); *Baldwin*, 571 S.W.2d at 239; *State v. Evans*, 802 S.W.2d 507, 514 (Mo. banc 1991). At the same time Missouri

courts have also created and followed a more stringent version of the exception, but likewise applicable only to the testimony of victims of sexual offenses, to the effect that, "Corroboration is not mandated unless the victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is thereby rendered doubtful." *State v. Burton*, 355 Mo. 792, 198 S.W.2d 19, 20 (1946); *State v. Wood*, 355 Mo. 1008, 199 S.W.2d 396, 398 (1947); *State v. Harris*, 620 S.W.2d at 353.

██ No matter how worded, the exception requiring corroboration is restricted. It is limited to inconsistencies in the victim's statements and does not apply to inconsistencies between the victim's statements and the statements of other witnesses. *State v. Daniel*, 767 S.W.2d 592, 593 (Mo.App.1989). Moreover corroboration is not required where the inconsistency or contradiction "bears on a proof not essential to the case." *State v. Salkil*, 659 S.W.2d 330, 333 (Mo.App.1983). "The testimony of the victim is not considered to be 'clouded with doubt' or 'extremely doubtful' within the rule merely because she falls into inconsistencies or contradictions as to minor points of a nonessential nature." *State v. Koonce*, 731 S.W.2d 431, 439–40 (Mo.App.1987). Unless there are gross inconsistencies and contradictions which bear on a proof essential to the case, "a resolution of conflicts in the evidence and the determination of the credibility of the witnesses are matters for the jury to determine." *Id.; Langlois*, 785 S.W.2d at 681.

As the Missouri Supreme Court stated in 1930, there seems to be no logical basis for a separate rule, even a restricted one, which relates solely to the review of the testimony of a victim of a sexual offense. The standards for reviewing the testimony of any witness in a criminal case should be sufficient to assess the testimony of a victim of a sexual offense. *See, e.g. People v. Meador*, 210 Ill.App.3d 829, 154 Ill.Dec. 937, 568 N.E.2d 1386 (1991). Missouri courts of appeals have questioned the continued existence of this exception. *State v.*

*Platt,* 496 S.W.2d 878, 881 (Mo.App.1973); *State v. Ellis,* 710 S.W.2d 378, 380 (Mo. App.1986).

However, even if this exception is good law, it does not apply to defendant's contentions in this appeal. None of the victim's testimony cited by defendant contains gross inconsistencies or contradictions which bear on proof essential to the case. Whether the victim fled from defendant's truck to avoid his advances, as she testified at trial, or whether defendant pulled her from the truck, as she stated to a police officer, does not bear on the essential elements of the offenses. *State v. Brigman,* 784 S.W.2d 217, 220 (Mo.App.1989); *State v. Ellis,* 710 S.W.2d at 381. Likewise whether defendant beat the victim inside the house, as the victim testified at trial, or whether defendant beat the victim only outside the house, as she stated to a police officer, does not bear on whether the defendant acted by forcible compulsion. There was no inconsistency in or contradiction of the evidence that the victim was beaten prior to the rape and sodomy. *Brigman,* 784 S.W.2d at 220; *Ellis,* 710 S.W.2d at 381. Neither of these inconsistencies make the evidence "extremely doubtful." *Koonce,* 731 S.W.2d at 440.

■ The fact that the police did not recover the tennis shoe the victim testified she lost outside the house does not create a conflict with the admitted facts and surrounding circumstances of the case. The fact that the police did not recover the tennis shoe is not proof that she did not lose it or that her testimony about how she was pulled through the window was improbable. Moreover, the loss of a tennis shoe does not bear on the essential elements of rape or sodomy. For the same reasons the fact that the police did not find traces of seminal fluid on the couch does not contradict the victim's testimony that she was raped on the couch and that defendant ejaculated inside of her. In any event proof of ejaculation is not essential to establishing rape or sodomy. *State v. Shannon,* 637 S.W.2d 393, 394 (Mo.App.1982).

■ Defendant contends that two witnesses who observed the victim after the rape and sodomy gave conflicting descriptions of the victim's emotional state. We do not find the descriptions to conflict. Even if these descriptions did conflict, the corroboration rule does not apply because the alleged conflict is not within the victim's statements, but with the testimony of other witnesses. *Daniel,* 767 S.W.2d at 593.

■ Defendant next contends that the fact that the examining nurse did not find any lacerations or trauma to the victim's vaginal cavities contradicts her testimony that she was raped over the course of an hour. Again, there is no conflict because the victim did not testify that she was raped over the course of an hour, but that defendant sodomized her over the course of an hour and was only able to accomplish the rape at the end of the hour. Moreover proof of trauma or lacerations to the vaginal area are not essential to a charge of rape. *State v. Patterson,* 806 S.W.2d 518, 520 (Mo.App.1991).

Defendant finally claims that his testimony conflicted with that of the victim, bringing into question her credibility and motive to lie. That the defendant's testimony disagreed with the victim's testimony is beside the point. *State v. Salkil,* 659 S.W.2d at 333.

Under the corroboration rule as framed in *Harris,* the victim's testimony was not so contrary to the physical facts, common experience and surrounding circumstances as to make its validity doubtful. All of the evidentiary discrepancies and conflicts pointed out by defendant and their explanations went to the credibility of the witnesses and the weight of the evidence which were issues for the jury, not for the court. The testimony of the victim on the essential elements of the two offenses was consistent and needed no corroboration for submission.

■ Moreover, there was substantial testimonial, physical, and medical evidence which did corroborate the victim's testimony. Defendant's sole point has no merit and is denied.

The judgment of the trial court is affirmed; the appeal from the order of the motion court is dismissed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.