THE STATE v. ALF PALMER, Appellant.—130 S. W. (2d) 599.

Division Two, July 7, 1939.

*W. A. Dollarhide* for appellant.

*Roy McKittrick,* Attorney General, and *Arthur O'Keefe,* Assistant Attorney General, for respondent.

BOHLING, C.—Alf Palmer appeals from a judgment imposing five years' imprisonment for the forcible ravishing of his step-daughter.

█ Appellant says, but cites no authority, that a submissible case was not made. This is upon the theory the prosecutrix's narrative was denied by appellant and her testimony was uncorroborated. Her testimony was not wholly uncorroborated. It was credible, was not contradictory within itself, nor contrary to physical facts. Appellant's contention finds support in State v. Patrick (Banc), 107 Mo. 147, 173(V), 17 S. W. 666, 673(5); but that case was explained and decisively overturned as good law on the point in State v. Marcks (Banc), 140 Mo. 656, 664(II), 41 S. W. 973, 974(2), 43 S. W. 1095, a decision by the only judge recorded as concurring *in toto* in the Patrick opinion, wherein it is logically demonstrated that because a prosecutrix affirms while the accused denies an equilibrium of proof is not necessarily created. [See, also, State v. Wilcox, 111 Mo. 569, 573(I), 20 S. W. 314, 315(1); State v. Dusenberry, 112 Mo. 277, 292(VIII), 20 S. W. 461, 465(8); State v. Welch, 191 Mo. 179, 186, 89 S. W. 945, 947; State v. Barnes, 325 Mo. 545, 550, 29 S. W. (2d) 156, 157. Missouri and other cases on the issue are annotated in 60 A. L. R. 1124.] The point is ruled against appellant.

Prosecutrix's mother died April 26, 1937. After her mother's death prosecutrix stayed with a relative until May 21, when she returned to appellant's home. Appellant's brief states prosecutrix's testimony was to the effect appellant "forcibly ravished her on the evening of June 9, 1937." She testified they were at home alone; that she begged, resisted and tried to fight appellant off until she was exhausted; that the act occurred; and that she made complaint at the first reasonable opportunity to her half-sister and another person. They denied this. Prosecutrix's mother's sister testified that prosecutrix made complaint to her when prosecutrix first came to her home a few weeks after the occurrence. This refutes appellant's points with respect to a case made (cases supra) and prejudice on the part of the jury (State v. Catron, 317 Mo. 894, 902(IV), 296 S. W. 141, 144[8]).

█ Appellant's motion for new trial alleges error in the court's

refusal to give his "cautionary" Instruction "E," telling the jury that if they found prosecutrix failed to make outcry or make complaint "at her first opportunity" such facts were "inconsistent with defendant's guilt" and rendered the charge "improbable." As we read the record an outcry would have served no purpose. Appellant does not undertake to justify Instruction "E." The only authorities cited in his brief bear on the duty of trial courts to give a correct instruction when a defendant presents an improperly worded instruction. He contends the court should have given a correct instruction with respect to prosecutrix's failure to make complaint. Instruction "E" was argumentative and tended to invade the province of the jury. It singled out specific testimony. While it did not tell the jury the testimony on prosecutrix's failure to make complaint was entitled to great or little weight, it argued the effect of a negative finding of this collateral factual issue upon the ultimate factual issue and tended to invade the province of the jury in ascribing to such a negative factual finding an inconsistency with and improbability of guilt. [State v. Shelby, 333 Mo. 610, 616(C, D); 62 S. W. (2d) 721, 725 [5, 6].] Under the decisions a failure to make complaint is but an evidentiary fact to be considered by the jury and given such weight and value as the jury, free from comment by the court, may determine proper under all the facts and circumstances in evidence. [State v. Rigley (Mo.), 247 S. W. 169, 171[5-7]; State v. Taylor, 320 Mo. 417, 431(b), 8 S. W. (2d) 29, 35[21]. Consult Sec. 3694, R. S. 1929, Mo. Stat. Ann., p. 3249; State v. Hundley, 46 Mo. 414, 422.] Testimony establishing "complaint" corroborates and testimony establishing a "failure to complain" discredits the prosecutrix. An instruction to the effect that if the jury believed prosecutrix made complaint such fact would be consistent with and render guilt probable would not be tolerated.

What was said in State v. Patrick (Banc), 107 Mo. 147, 163(IV), 17 S. W. 666, 670(4), in approving a somewhat similar instruction (instruction No. 4, 1. c. 159 and 669, respectively) received the concurrence only of GANTT, J. Four of the six Judges voting on the Patrick case did not concur in said paragraph "IV"—two expressly dissented [107 Mo. 1. c. 181(II), 17 S. W. 1. c. 675(I)], and two expressed no opinion, evidently believing the issue not essential to a disposition of the case. The Patrick case is not authority for the correctness of appellant's instruction; and GANTT, J's., remarks in State v. Marcks (Banc), 140 Mo. 656, 666, 41 S. W. 973, 975, wherein the Patrick case is expressly overruled in part, do not harmonize with his concurrence in paragraph "IV" of said Patrick case.

The instant record does not call for a ruling on the necessity of a proper instruction on prosecutrix's failure to make complaint. As stated, instructions receiving approval are to the effect that prosecutrix's failure to make complaint is a circumstance for the consid-

eration of the jury along with all the other evidence—a different principle of law from that involved in requested Instruction ''E.'' The testimony to that effect, with all the evidence, was before the jury for their consideration; and to instruct the jury they may consider it appears to the writer to be somewhat of a work of supererogation. Furthermore, appellant's motion for new trial predicated error only on the refusal of Instruction ''E'' and nowhere made complaint of the court's refusal to specifically instruct that the jury could consider a failure to make complaint along with all the other evidence or that refused Instruction ''E'' called for such an instruction. Under Section 3735, Revised Statutes 1929 (Mo. Stat. Ann., p. 3275), trial courts are relieved from searching with lighted candle *ex mero motu* for error in criminal cases not specifically pointed out in an accused's motion for new trial. Issues first presented in appellant's brief upon appeal are not for review. [State v. Barbata, 336 Mo. 362, 375[4], 80 S. W. (2d) 865, 873[9], and cases cited.] See, State v. Lawrence (Mo.), 71 S. W. (2d) 740, 744-[5], with respect to the failure of the court to give a certain alibi instruction upon the refusal of defendant's requested instructions on alibi.

Appellant directs us to no error of record proper, and our search has disclosed none.

The judgment must be affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.