STATE v. ROBERT BURTON and ROY BURTON, Appellants.—No. 39989.— 196 S. W. (2d) 621.

Division Two, October 14, 1946.

*John M. Bragg* for appellants.

468

*J. E. Taylór*, Attorney General, and *Pershing Wilson*, Assistant Attorney General, for respondent.

TIPTON, J.—An information was filed in the circuit court of Ozark County, Missouri, on November 6, 1945, charging Robert Burton, Roy Burton, Dave Fleetwood, Bernie Fleetwood and Bobbie Turner with forcible rape. A severance was granted appellants, Robert Burton and Roy Burton, and upon trial these appellants were found guilty and their punishment assessed at two years' imprisonment in the state penitentiary. They have duly appealed from that sentence and judgment.

Appellants contend that the evidence is insufficient to sustain the verdict for the reason that the uncorroborated testimony of the prosecutrix "is contrary to common experiences of womanhood," is improbable and is contradicted by other witnesses, and, therefore, that it cannot stand.

Prosecutrix testified that she was 17 years of age and lived some 12 or 15 miles east of Ava in Douglas County. On September 1, 1945, she went with a relative to Ava to shop and attend a picture show. In the afternoon of that day she attended a picture show, after which she met Roy Burton and Bernie Fleetwood. She had "kept company" with appellant Roy Burton in the past but had not seen him for about six weeks prior to this date. Between 5 and 6 o'clock that afternoon she, appellant Roy Burton, Dave Fleetwood and Julia Mae Davis walked to a filling station some distance from the business district of Ava. During this time she made arrangements to attend the picture show that evening with appellant Roy Burton. Upon returning to the business section Julia Mae Davis departed, and appellant Roy Burton suggested that they get in an automobile and wait until time to go to the picture show. Bobbie Turner was under the steering wheel of the automobile and shortly Bernie Fleetwood, Robert Burton and Dave Fleetwood got into the car. Turner started the car immediately and drove on Highway Number 5 south of Ava. Prosecutrix testified that she protested but to no avail and the trip continued until they reached Wasola, Missouri, in Ozark County. At this place the five boys got out of the car and went into a store. They came back with a bottle of soda pop for her and a bottle of whiskey for themselves which the boys drank. They then proceeded south on a state gravel road. Dave Fleetwood put his

hand under her dress and one of the boys told her they intended to have sexual relations with her. Shortly thereafter they met two girls walking along the road whom the Fleetwood boys apparently knew. The car was stopped and all the occupants alighted except appellant Roy Burton and prosecutrix. They engaged these two girls in conversation for about ten minutes. Prosecutrix did not know these girls but learned later they were Avenal Wilson and Naomi Turner. Then she and the five boys continued south in the car. About 10 o'clock that night the car was driven approximately 200 yards off the highway and all five of the boys forcibly raped her, two holding her while a third had sexual intercourse, until the five had completed a ravishment. She testified that she made outcry during the alleged rapes.

She also testified that she voluntarily got back into the car with these five boys and from there went to a place where a dance was being held. She remained in the car with appellant Roy Burton and the other four boys went into the house where the dance was held. Some time during this period appellant Roy Burton left the car and went toward the house, but she remained in the car except for a short while when she stood by a tree as she was afraid of Dave Fleetwood and another person who were approaching the car. She testified that she spoke to no one there except appellant Roy Burton. She denied that Lillian Hicks and Nancy Jane Ryan offered to take her home, though they testified that they did so and that prosecutrix replied, "We will go back like we came, with the boys." These two witnesses testified that she was at the place where the dance was held when they arrived about 8 o'clock P. M. and that the dance broke up about 10:30 P. M., while prosecutrix testified that she arrived about 10 P. M. and stayed until about 2 A. M. On the way back they stopped at Squires, Missouri, where the two appellants left the car as they lived near this place, and the other three boys took her home. She arrived home at 4 A. M. Her mother was awake and she told her where she had been but she did not say anything about the alleged rapes until 6 P. M. of that day.

On cross-examination she admitted she could have gotten out of the car at Wasola, at the place where the boys conversed with the two girls, or at the dance, that she could have left the company of these boys at any one of these three places, but gave no reason for not doing so. She further testified that she had never had sexual relations before that night. Her pants, the only clothing introduced in evidence, were slightly torn.

Dr. M. C. Gentry testified that some three weeks after the alleged ravishment he examined the prosecutrix and found that she had had sexual intercourse, but he was unable to determine the time. The two appellants denied that they or any of the other boys had sexual intercourse with the prosecutrix, or that they bought whiskey at Wasola. Appellant Roy Burton testified that during the trip to the

filling station at Ava he made arrangements to take her to the dance and that she knew she was going to the dance when she entered the car. Both appellants testified that they arrived at the dance about 8:30 P. M. and left about 10:30 P. M. Avenal Wilson and Naomi Turner testified that they met the boys and prosecutrix on the road between Wasola and Thornfield, and that it was not dark as the sun was still shining. Three witnesses testified that appellants' reputations for being upright and law abiding citizens were good.

The rule is well established in this state that "a conviction in cases of either incest or rape may be had upon the uncorroborated evidence of the prosecutrix, but when the evidence of such prosecutrix is of a contradictory nature, or when applied to the admitted facts in the case, her testimony is not convincing, but leaves the mind ▇▇ of the court clouded with doubts, she must be corroborated, or the judgment cannot be sustained." State v. Tevis, 234 Mo. 276, l. c. 284, 136 S. W. 339. See also State v. Goodale, 210 Mo. 275, 109 S. W. 9; State v. Brown, 209 Mo. 413, 107 S. W. 1068; and State v. Ball, 133 S. W. (2d) 414.

In the case of State v. Thomas, 351 Mo. 804, l. c. 818, 174 S. W. (2d) 337, we said: "It is true a prima facie case of rape or attempted rape can be made on the uncorroborated testimony of the prosecutrix. Most of the decisions so holding were for rape of a female under the designated statutory age (now 16 years). That question is not in this case. At least it can be said where the prosecutrix is a mature woman and the case is weak there should be corroboration."

The case under consideration is a forcible rape case and we cannot read prosecutrix's evidence without having our minds clouded with doubt; therefore, under the above authorities, her testimony should be corroborated, at least by circumstances.

In the first place, prosecutrix, on direct examination, testified that she met appellant Roy Burton about 6:30 P. M. on the day in question in front of DeCase's Grocery Store and that he asked her to go to the picture show, to which she consented. He suggested that they wait in an automobile parked in front of the Citizens' Bank. Yet on cross-examination she admitted that after meeting Roy Burton that she, Burton, Julia Mae Davis and Bernie Fleetwood walked out on Highway 5 to a filling station. She testified that she was driven out of Ava against her will, but she also testified that on three different occasions she could have left the car, one of the opportunities being after Dave Fleetwood told her that the boys were going to have intercourse with her. She further testified that she was pulled from the back seat of the car into the front seat where two of the boys held her while a third tried to have intercourse with her, and that after she got out of the car she was dragged some distance where she was held by two boys while a third raped her, this being repeated five times. Yet this record is barren of any evidence as to bruises, wounds or

lacerations. Nor is there evidence that any of her clothes other than her pants were torn, although she claims she struggled to get away. She testified that she voluntarily got back into the car with the boys and they drove to the place where the dance was held. There she sat in the back seat of the car for approximately four hours with Roy Burton. The evidence fails to show that she was hysterical or that she was even crying. It does show that several women passed. near the car and that she made no complaint. The record is barren of any threats or even requests from the boys that she not tell anyone. It is difficult for us to believe that a girl could be forcibly raped by five different men and not become slightly hysterical or even cry.

When she arrived home at 4 A. M. she talked to her mother, yet she did not do the natural thing and tell her mother of her mistreatment until almost 14 hours later. Her testimony as to when she arrived at the dance, when she left, and the fact that she was asked to go home with Lillian Hicks and Nancy Jane Ryan was contrary to the testimony of these two disinterested witnesses. It is true that her pants were torn, yet there is no evidence that they were soiled. It is true that Dr. Gentry testified that at some indefinite time she had had sexual relations with a man, but this testimony does not tend to corroborate her testimony that she was forcibly raped. These appellants denied her testimony that they had sexual relations with her at that time or at any other time, and the evidence. showed that these appellants bore good reputations.

Our minds are clouded with doubt, and under the circumstances we do not think her testimony is sufficiently corroborated. The judgment is, therefore, reversed and the cause remanded for a new trial, and unless stronger evidence is adduced the court should direct an acquittal of appellants. All concur.