STATE of Missouri,
Plaintiff-Respondent,
v.
Jon Stephen JAKOUBEK,
Defendant-Appellant.

No. 42969.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1981.

Richard Sindel, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of rape in violation of § 566.030, RSMo. 1978, and sentenced to five years imprisonment. We affirm.

The pivotal issue left to the jury's determination was whether or not the prosecutrix had consented to sexual intercourse with the men she alleged had attacked her. Defendant admitted having engaged in sexual relations with the prosecutrix at a mutual friend's house following a party, but

maintained she had consented. The prosecutrix testified that she was carried against her will into a bedroom by three men and there raped by two of the three. She alleged defendant was one of the three men and the second to whom she was forcibly obliged to submit.

Defendant raises three points on appeal, the first of which is addressed to the following statement elicited during direct examination of an Officer Perry Meyers by the state:

Well, I began packaging evidence, you know, going through normal procedures. I was advised by the sergeant that all three persons were given the right forms, as a matter of department policy, but they hadn't made any statements or anything at that point and time.

■ Defendant submits that the foregoing testimony smacks of an impermissible reference to his failure to make an exculpatory statement to police. Defendant further submits that his alleged error was compounded by the prosecutor who, he claims, made an additional and like inference in his closing argument. We note, at this junction, that the statements and references of which defendant complains were not the subject of a timely objection, and our review is therefore limited to whether there existed any plain error with regard thereto which resulted in a manifest injustice to defendant. Rule 29.12. This court disagrees with defendant's characterization of the testimony above quoted, and the prosecutor's argument, and finds that their admission did not constitute plain error.

The police officer's testimony was itself qualified in that he remarked, "... they hadn't made any statements or anything *at that point and time.*" (Emphasis added.) The remark, when viewed in context, did not represent a concerted effort by the witness and the prosecutor whereby they could be said to have drawn attention to the fact that defendant had exercised his right to remain silent. Compare *State v. Benfield,* 522 S.W.2d 830 (Mo.App.1975); and, *State v. Ward,* 571 S.W.2d 773 (Mo.App.1978). The remark was, in essence, inadvertent (although not unresponsive) and the jury may well, and fairly, have assumed that defendant had not *as yet* made a statement, possibly due to insufficient time.

Likewise, the prosecutor's closing argument did not contain references to defendant's silence before police which could form the basis of a reversal for plain error. That portion of the prosecutor's argument which defendant cites as impermissible, and injurious, reads as follows:

Now, you know, the defendant can sit back and see what's going to happen. Take all the discovery, the police reports, the grand jury testimony, what-have-you, and they can sit back and they can decide on their story to fit the facts like a glove.

The above quoted comment by the prosecutor was sandwiched between references to alleged inconsistencies in the testimony of defendant's witnesses. As a reference to defendant's alleged failure to made an exculpatory statement to police, the reference was at most vague, uncertain and indirect. The potential for the jury to interpret the statement in the fashion expressed by defendant was remote, and it appears more likely that it had little more effect than to infer to the jury that defendant's explanation of the events in question was a fabrication. See, *State v. Elmore,* 467 S.W.2d 915 (Mo.1971); and, *State v. Hutchinson,* 458 S.W.2d 553 (Mo.1970).

■ Defendant next contends that the trial court erred when it overruled his motions for a directed verdict because the evidence was insufficient to find him guilty beyond a reasonable doubt in that the testimony of prosecutrix was uncorroborated, inherently contradictory, inconsistent, and unbelievable. A reading of defendant's brief reflects that the "inconsistencies" of which he complains revolve around the medical testimony (she claimed to have been grabbed around the neck and choked but photographs in evidence reveal little by way of abrasions and contusions); her testimony that she had steadily ingested various intoxicating elements (which, he feels, casts suspicion on her ability to accurately recall the events); and, that *according to her own testimony,* she had, "... exposed her breasts and explicitly discussed and requested to perform all manner of sex acts in the

presence of defendant" before the alleged rape took place.

On review, we are obliged to view the evidence in a light most favorable to the state. *State v. Baldwin*, 571 S.W.2d 236, 239 (Mo. banc 1978). The issue was consent (penetration having been established by medical testimony and admitted by the defendant) and, generally, such an issue is resolved by the jury unless the evidence adduced was insufficient to sustain the finding on this, an essential element of the crime. *State v. Baldwin, supra; State v. Garrett*, 494 S.W.2d 336, 338 (Mo.1973). Even the uncorroborated testimony of the prosecutrix is usually sufficient. *Baldwin, supra*. The exception is where the evidence of the prosecutrix is of a contradictory nature or her testimony, when applied to the admitted facts, is not convincing and leaves the mind of the court clouded with doubts. Only then must her testimony be corroborated. *Baldwin, supra; State v. Burton*, 355 Mo. 467, 196 S.W.2d 621, 622–23 (Mo.1946).

We find that the alleged "inconsistencies" do not fall within the exception noted above. The discrepancy between her claim that she had been manhandled about the neck, when juxtaposed against the medical evidence and photographs, was a factor for the jury to consider in examining the veracity of her testimony. Likewise, was her admission of having ingested alcohol and drugs. Finally, defendant's argument that her *own testimony* admitted of having exposed her breasts, etc., is simply not borne out by the record, but were comments the transcript attributes to defense witnesses. Defendant's second point is not well taken.

Defendant last complains that the state was allowed to argue facts not in evidence. Defendant claims the prosecutor began a line of questioning designed to impeach one of defendant's witnesses; never introduced evidence of a prior inconsistent statement which would serve to impeach that witness; but later, in his closing argument, impermissibly inferred that the witness had, in fact, made a prior inconsistent statement and thereby prejudiced defendant by leading the jury to believe defendant knowingly called a perjurer to the stand on his behalf. Again, we note that defense counsel did not object to the argument at trial.

Generally, we agree with defendant's assertion that the prosecutor must lay a proper foundation before he may introduce evidence of a prior inconsistent statement (*State v. Sager*, 600 S.W.2d 541, 557 (Mo.App.1980)) and, that a prior inconsistent statement must be proved before he can argue its existence. *McElhattan v. St. Louis Public Service Co.*, 309 S.W.2d 591, 596 (Mo.1958). Otherwise, the prosecutor would be arguing facts not in evidence, which is impermissible. *State v. Cuckovich*, 485 S.W.2d 16, 27 (Mo. banc 1972).

However, the above propositions are tempered by the equally well-established principles that counsel may argue non-evidentiary conclusions which are fairly supported by the evidence, (*State v. Bailey*, 526 S.W.2d 40, 43 (Mo.App.1975)), and the trial court has considerable discretion in determining the scope of the argument. *State v. Nichelson*, 546 S.W.2d 539, 543 (Mo.App.1977). In this regard, absent an abuse of discretion coupled with apparent prejudice to a defendant, appellate courts are loathe to disturb the trial court's judgment. *Nichelson, supra*. This is so because the trial court occupies the better position when it comes to assessing the effect a particular closing argument has upon the jury. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo.1979).

In the instant case (and especially when viewed in context), only a strained and tortuous reading of the questioned remark could lend the interpretation, and ultimate effect, defendant would ascribe to it. Furthermore, as in *Murphy, supra*, the remark itself was short and represented a minimal portion of the prosecutors argument. Accordingly, it cannot form the basis of relief for which defendant prays.

Affirmed.

REINHARD and SNYDER, JJ., concur.