**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry WHITE, Defendant-Appellant.**

**No. 46986.**

Missouri Court of Appeals, Eastern District, Division Four.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied Sept. 11, 1984.

Michael J. Gorla, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Dan J. Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STANLEY A. GRIMM, Special Judge.

In this jury-waived case, the trial court found the defendant guilty of the Class B felony of rape, in violation of § 566.030, RSMo 1978 (Supp.1981). The court sentenced the defendant to six years imprisonment. We affirm.

■ Defendant claims that the evidence was insufficient to support his conviction because the victim's testimony was contradictory, in conflict with the physical facts and surrounding circumstances and uncorroborated. He further claims that the trial court erred in allowing the State to amend the indictment by interlineation to extend the date of the offense from "between April 12, 1981, and April 15, 1981" to "during April, 1981."

The victim, born December 26, 1970 was about ten years old when the offense took place. The trial was held on November 18, 1982, when she was almost twelve. At the time of the offense defendant was married to her mother. Although defendant was not victim's father, she called him "dad" because they had lived together for more than eight years. Defendant and victim's mother also had two younger daughters who resided with them.

On April 30, 1981, the victim was in the principal's office at her school. The school secretary told the victim to write down on a sheet of paper "whatever my problem was." She wrote down that it was about sexual abuse and later explained that her dad was sexually abusing her. At trial, she related that about two weeks before the incident at school, while she was asleep in bed, the defendant had come into her room. When she awoke, he was on top of her and had intercourse with her. She testified to similar abuse on prior occasions.

Following the report to the school secretary, the victim was examined by a pediatrician at St. Louis Children's Hospital. He found no evidence of trauma, no bruises, and she appeared to be normal. He determined that her hymen was not intact, a finding "consistent both with having had sexual intercourse and with not having had sexual intercourse in this age of a girl."

In reviewing the evidence, we find the victim's testimony concerning the events was not contradictory. Neither do we find that her testimony conflicts with the physical facts and surrounding circumstances. No useful purpose would be served by detailing the testimony presented at trial. Sufficient evidence was before the trial court to find the defendant guilty.

■ In arguing that corroboration of the victim's testimony was necessary, defend-

ant relies upon *State v. Burton*, 355 Mo. 467, 196 S.W.2d 621 (1946) and *State v. Phillips*, 585 S.W.2d 517 (Mo.App.1979). In *Burton* a forcible rape case, the victim was seventeen years of age and alleged that she had been raped by five men. However, the court noted she had willingly gone with some of the men; she had three different occasions to leave the men; she sustained no bruises, wounds or lacerations although she claimed to have been dragged some distance; she thereafter went to a place where a dance was held; she made no complaint to women who passed by; and she did not appear to be hysterical or even crying. *Burton* acknowledges the need for corroboration where the victim is a mature woman and the case is weak, 196 S.W.2d at 623, but it also recognizes that where the charge is the rape of a female under the designated statutory age, a case can be made on the uncorroborated testimony of the victim. *Id.*

In *Phillips*, also a forcible rape case, the victim was described as a mature woman while the defendant was seventeen years old. The proof was "extremely weak," especially as it pertained to whether the victim submitted out of fear of violence to her person. Because the victim gave contradictory testimony regarding this issue, much of it contrary to common experience and common sense, the court held the evidence insufficient without corroboration. 585 S.W.2d at 521.

On the other hand, in *State v. Leigh*, 580 S.W.2d 536 (Mo.App.1979), this court found the uncorroborated testimony of the victim, ten years old at the time of the rape and twelve at the time of trial, sufficient to establish a prima facie case of rape. Judge Kelly stated therein, "In a statutory rape case where the victim is a child of tender years, acts which might cast doubt on the credibility of a more mature witness must be viewed in the context of the entire evidence in the case." *Id.* at 541. Similarly, no corroborating testimony is needed here. Imprecise expression by a young child regarding the date, time or exact details of a sexual experience is not self-destructive. It may affect the fact-finder's evaluation of

credibility, but where the testimony includes a description of the elements essential to the offense, a prima facie case is made. Here, the victim on three occasions testified that defendant inserted his penis inside her vagina, the essential element of statutory rape. *Burton* and *Phillips* required corroboration because of the contradictory and inconsistent testimony relating to force and compulsion, an essential element of forcible rape, but not of the crime charged in this case. Appellant's first point is without merit.

■ Appellant's second point challenges the amendment to the indictment relating to the time of the occurrence, made with leave of court the day before the trial. Nothing in the legal file or transcript indicates the defendant objected to this amendment; however, defendant asks us to find that this amendment constituted plain error. We do not.

Section 545.030, RSMo 1978 provides:
1. No indictment or information shall be deemed invalid. . . .

．　　　．　　　．　　　．　　　．

5. For omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense; nor
6. For stating the time imperfectly; nor
7. For stating the offense to have been committed on a day subsequent to the finding of the indictment or information, or an impossible day, or on a day that never happened; nor

．　　　．　　　．　　　．　　　．

18. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

This section has been construed to allow amendments to an indictment by the prosecuting attorney where defendant suffers no prejudice from the amendment allowed. *State v. Johnson*, 637 S.W.2d 157, 162–63 (Mo.App.1982); *State v. Parker*, 621 S.W.2d 120, 121 (Mo.App.1981); *Boothe v. State*, 534 S.W.2d 74, 76 (Mo.App.1976). In *State v. Kammerich*, 550 S.W.2d 931 (Mo. App.1977), the charge was that the defend-

ant had sexual relations with his thirteen year old step-daughter on September 28, 1974. While the evidence established that defendant had intercourse "three or four times during the past year," defendant claimed that there was no evidence of intercourse on September 28, 1974. The variance in date was found immaterial, because "the rule in Missouri is that time is not of the essence in the offense of statutory rape ... Proof that the crime was committed on some day other than that alleged, if it is within the period of limitations and before the charge is sufficient ..." *Id.* at 932–33. Here, the date of the offense was changed from between April 12 and 15 to the month of April. The evidence was that the incident occurred about two weeks before April 30, 1981. Defendant did not rely on alibi as a defense, but denied any sexual conduct with the victim at any time. No prejudice resulted to the defendant as a result of the amendment.

The judgment is affirmed.

GAERTNER, P.J., and SMITH, J., concur.