**STATE of Missouri, Plaintiff-Respondent,**

v.

**Randy WILDER, Defendant-Appellant.**

**No. 49363.**

Missouri Court of Appeals, Eastern District, Division Six.

March 18, 1986.

Motion for Rehearing and/or Transfer Denied May 6, 1986.

Application to Transfer Denied June 17, 1986.

Henry B. Robertson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Lee B. Bonine, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant Randy C. Wilder appeals his conviction for assault in the second degree. The trial court sentenced defendant as a persistent offender to seven years in prison.

On appeal defendant contends as plain error the trial court's permitting a police officer, when asked if he had told defendant of his rights, to answer: "He said he understood them and he had nothing to say."

Defendant neither objected at that time nor requested corrective action. So we may consider defendant's present contention only as plain error. On this defendant has not met his burden of showing a clear abuse of discretion. *See State v. Martin,* 666 S.W.2d 895, 898 [1, 2] (Mo.App.1984). Nor does the record show the state took advantage of the now challenged answer;

it was neither repeated by the witness nor mentioned by the prosecutor.

In *State v. Harris,* 547 S.W.2d 473 (Mo. 1977) the court ruled facts similar to our case did not warrant a finding of manifest injustice. *See also State v. Jakoubek,* 619 S.W.2d 880, 881 (Mo.App.1981), in which we held no plain error arose from the inadvertent non-responsive remark of a police officer about the defendant not having made any exculpatory statement. So it is here, where the police officer's statement was, at best, inadvertent.

Therefore, we deny defendant's point that the trial court committed plain error.

Affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.