**Jane E. ROHNER and Alfred Rohner, Appellants,**

v.

**BI-STATE DEVELOPMENT AGENCY and Sisters of St. Mary, Respondents.**

**No. 51186.**

Missouri Court of Appeals, Eastern District, Division One.

March 17, 1987.

Motion for Rehearing and/or Transfer Denied April 15, 1987.

Application to Transfer Denied May 19, 1987.

verdict in favor of Sisters of St. Mary (Hospital). We affirm.

Plaintiff-wife, a bus passenger, sustained injuries when she fell while descending the rear door bus steps of a bus owned and operated by respondent Bi-State. She sustained further injuries at Hospital while trying to use a bedpan while seated in a wheelchair. On October 8, 1985, the trial court sustained Bi-State's motion for a directed verdict at the close of plaintiffs' evidence on the ground there was no notice to Bi-State of the existence of foreign objects on the bottom step of the bus which caused plaintiff-wife to fall. On October 9, a jury found against plaintiffs and for Hospital for the alleged injuries sustained by wife in the use of the bedpan.

■ As to the directed verdict, we view the evidence in the light most favorable to plaintiffs. *Barnett v. M & G Co.*, 611 S.W.2d 370, 371 (Mo.App.1981). Bi-State owed plaintiffs the highest degree of care. *Pierce v. St. Louis Public Serv. Co.*, 380 S.W.2d 943, 948 (Mo.1964). However, Bi-State is not liable to plaintiffs for injuries to passenger-wife when she fell while leaving the bus because of foreign objects on the bottom steps of the bus unless the bus driver knew or should have known about the presence of such foreign objects, that these objects were a danger to plaintiff-wife, and the knowledge of such danger came to the bus driver in time for him to remove the danger. *Vortriede v. St. Louis Public Serv. Co.*, 58 S.W.2d 492, 493 (Mo. App.1933).

On July 15, 1978, plaintiff-wife, who was sixty-six years of age, started to leave the bus by the rear steps. She testified the rear steps were eight to nine feet from the bus driver. While standing at the top of the rear steps, plaintiff-wife looked down and saw a styrofoam cup, a plastic lid and a straw on the bottom step. While she believed she could exit with safety to herself, she turned to her husband and, in a loud voice (he was partially deaf), told him there was debris on the lower step of the bus and to be careful. She further testified that nine to ten seconds later she stepped on a

Lupo & Stemmler, James A. Stemmler, St. Louis, for appellants.

Coffelt & Coffelt, Edwin B. Frezezinski, Jr., Clayton, for Sisters of St. Mary.

W. Morris Taylor, Crystal Y. Smith, Clayton, for Bi-State Development Agency.

CRIST, Judge.

Appeal by Mr. and Mrs. Rohner (plaintiffs) from a directed verdict in favor of Bi-State Development Agency (Bi-State) at the close of plaintiffs' evidence and a jury

foreign object on the bottom step, lost her balance and fell.

■ In their original brief, plaintiffs cite two cases to buttress their contention the case against Bi-State was submissible. *Barnett,* 611 S.W.2d at 371 was for the law pertaining to directed verdicts; and *Pierce,* 380 S.W.2d at 948 was for the degree of care owed by Bi-State to plaintiffs. *Barnett* involved a gas explosion. *Pierce* involved an alighting passenger whose action against the bus company was for injuries sustained in a fall by reason of a foreign substance on the bus steps. In that case, a passenger did not see the foreign substance on the steps until after he had fallen. In addition, there was evidence the bus driver could see the rear steps in his rear view mirror, had looked in the rear view mirror, and saw nothing on the steps. In other words, there was an oblivious passenger and a bus driver with the ability to see and who had looked and did not see. In our case, plaintiff-wife looked and saw the danger. There was no duty for the driver to warn of a danger of which plaintiff-wife was fully aware. In *Swiastyn v. St. Joseph Light & Power Company,* 459 S.W.2d 24, 31 (Mo.App.1970), the court found no submissibility where the passenger slipped and fell on the bottom steps of the bus where it had been snowing all day and the bus steps were wet and contained melting snow. The *Swiastyn* court found no duty to warn the passenger who was aware of the situation and knew of the melting snow.

In their reply brief, plaintiffs cite *Haverkost v. Sears Roebuck & Co.,* 193 S.W.2d 357 (Mo.App.1946) and *Collier v. Bi-State Development Agency,* 700 S.W.2d 479 (Mo. App.1985). *Haverkost* involved a customer in a Sears store who tripped on an obstruction on steps without having been apprised of the obstruction prior to her fall. *Collier* involved contributory negligence of a passenger in a bus collision. Neither of these two cases save plaintiffs' failure to prove a submissible case.

In the case at bar, the bus driver may or may not have heard plaintiff-wife's call to her husband to look out for the stuff on the steps. On the present record, the best that can be said for plaintiff's evidence is that it supports two inferences with equal strength; either he did hear and understand or he did not hear and understand. With two equally probable inferences, the plaintiff did not make a submissible case. Even if the driver did hear and understand plaintiff, there was no duty to warn plaintiff-wife of the presence of a styrofoam cup, plastic lid and straw, a condition she well knew when she chose to descend the steps. *See Meyer v. St. Louis Public Service Co.,* 241 Mo.App. 1057, 253 S.W.2d 525, 532 (Mo.App.1952); *Bond v. Kansas City Transit, Inc.,* 401 S.W.2d 440, 444–45 (Mo.App.1966).

■ As to the judgment in favor of Hospital, plaintiffs assert reversible error in Hospital's failure to comply with a subpoena duces tecum. The subpoena was to procure the Nurses Service Patient Care Procedure manual from Hospital. This manual was in fact produced with the notable omission of the section dealing with the proper use of bedpans. This section was relevant to the issue of Hospital's negligence in the care of plaintiff-wife. However, the right to the use of this evidence was waived.

In their case in chief, plaintiffs called the Assistant Director of Nurses Services of Hospital to testify as to hospital records. In response to a subpoena, this witness caused the nursing policy and procedure manuals to be produced. In questioning the witness, it was discovered the section dealing with the proper use of bedpans was missing. While questions were asked concerning sections of the manuals that were present, plaintiffs asked no further questions concerning the missing section. There was no objection, no request that the missing section be brought in, and no request for relief of any kind.

On cross-examination, it was explained there is an ongoing updating of the manual and the sections that are being updated are removed and given to a reviewing committee. At that time, the section on bedpans was being updated. It was claimed there was no particular reason for the omission.

In closing argument, plaintiffs took full advantage of the omission. They argued the adverse inferences to be drawn from the absence on the section dealing with bedpans. Not until plaintiffs filed their motion for a new trial was any objection made concerning the omission of this section.

 When there is a failure to respond to a subpoena, the burden is upon the party desiring the evidence to seek relief from the court. *State v. Mixen*, 426 S.W.2d 92, 94 (Mo.1968). In *Mixen*, a criminal defendant's objection was not considered timely when it came after the submission of the case without the evidence. The present case has even less merit than *Mixen.* Whereas the defendant in *Mixen* at least tried to get the missing evidence before the court, plaintiffs in this case affirmatively argued the absence of the evidence. The trial court properly denied the motion for a new trial.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.