STATE of Missouri, Respondent,

v.

**Bruce KUZMA, Appellant.**

**No. WD 38882.**

Missouri Court of Appeals, Western District.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Feb. 2, 1988.

Application to Transfer Denied March 15, 1988.

Katherine E. Ladesh, Asst. Public Defender, Liberty, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Bruce Kuzma was found guilty by a jury of sodomy in violation of § 566.060, RSMo 1986. In accordance with the verdict, the court fixed punishment at 15 years confinement. Kuzma contends the court erred in failing to declare a mistrial because of evidence of other crimes and in failing to strike the testimony of the victim because it contained destructive contradictions. Affirmed.

David G— was eight years old at the time he testified in this trial. He stated that when he was about six he lived with his mother, sister, and step-father, Kuzma, on Tracy Avenue in Clay County. One day, he was in the bathroom brushing his teeth wearing pants, shirt, and undershorts. He stated that Kuzma was behind him and was also fully clothed. He said that Kuzma unzipped his pants and pulled down David's pants and undershorts and placed his penis in David's bottom. On cross-examination, counsel largely confined her questions of David to a review of statements David had made to her prior to trial. Although the statements were not identified at that time as being contained in a deposition, from the record, it is apparent that such statements were made while counsel was taking David's deposition.

A police officer was called to testify to a statement he took from David. On cross-examination, counsel for Kuzma handed the officer a piece of paper and asked if he recognized it. The officer replied, "yes, I do, on a previous case." Counsel asked for a mistrial, which was overruled.

In cross-examining David's mother, counsel for Kuzma inquired when David had told her that something happened between him and Kuzma. The mother replied, "at the time when he found out about his sister." Counsel moved for a mistrial, which was denied.

Kuzma first contends that the court erred in denying a mistrial because the statements volunteered by the policeman and by the mother constituted evidence of other crimes committed by Kuzma. The only evidence is set out above, and it is apparent that neither comment made mention of a crime, nor did they make mention of Kuzma or any other reference to Kuzma having committed any other crime. The rule is stated in *State v. Lorenz*, 620 S.W.2d 407, 410[4, 5] (Mo.App.1981), that to invoke the rule of exclusion of other crimes "there must be evidence that the defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes."

There was nothing in the statements referred to that meets the requirements of the rule. The statements are totally devoid of any reference to crime or Kuzma or any

connection between crime and Kuzma. There was no occasion to grant a mistrial because of those statements.

■ Kuzma next contends that David's testimony was so filled with contradictions that it should have been stricken under the rule of destructive evidence or destructive contradiction. The argument is based upon the testimony of David on direct and a perception that, on cross-examination, David testified that nothing had occurred between him and Kuzma. On direct examination, David was very positive and articulate in describing the act of sodomy. No contradiction or inconsistency appears in his direct testimony.

On cross-examination, counsel inquired about David's recollection of statements he had made prior to trial. Counsel never inquired during cross-examination as to what had happened in the bathroom. Except for one question, the cross-examination was confined solely to David's recollection of his deposition testimony.[1]

Counsel asked David a series of questions on cross-examination concerning whether or not certain questions had been asked of him and whether he had made a particular answer. All of the answers elicited from David on those questions were "yes." As a part of that series of questions the following occurred:

Q. ... Do you remember that you told me that what happened was that your stepdad was up shaving and accidentally (indicates) bumped into you?

A. Yes.

Q. You told me that because it was the truth, didn't you?

A. Uh huh.

Q. And do you remember telling me that nothing else besides that happened when we talked?

A. Yes.

Q. And that's the truth, isn't it, nothing else happened?

A. Yes.

Counsel never inquired of David directly as to what had happened in the bathroom. In *State v. Burns*, 671 S.W.2d 306, 311[8, 9] (Mo.App.1984), this court stated the applicable rule as follows:

As explicated in *Amish v. Walnut Creek Development, Inc.*, 631 S.W.2d 866, 870 (Mo.App.1982), citing *Atley v. Williams*, 472 S.W.2d 867, 870 (Mo.App.1971), "[t]he rule concerning destructive contradictions on which defendant relies *is applicable only to the respective elements of a witness's testimony at trial, not to contradictions between trial testimony and prior statements.*"

The only answer that can be considered in applying the rule is the answer to the last question quoted above. All other questions on cross-examination, to which the answers appear contradictory to David's trial testimony, related to his previous statements or deposition. Thus, application of the rule must focus on the last question and answer above. The standard by which contradictions in the in-court testimony of a witness is measured was set out in *Burns*, 671 S.W.2d at 311[8, 9], when this court quoted from *City of Kansas City v. Scanland*, 506 S.W.2d 18, 20 (Mo. App.1974), as follows:

[T]he inconsistencies or contradictions must be so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of *all* probative force.

For the rule to apply, the last "yes" uttered by David, as set out above, must be considered so diametrically opposed to his previous testimony in court as to preclude reliance thereon and rob David's testimony of all probative force. This court cannot conclude that such answer has that effect.

---

**1.** It is interesting to note that a juror noticed the strategy employed in the cross-examination. After the court read the instructions to the jury, a juror requested to ask a question. The court allowed the question to be asked. The juror stated that she had heard the prosecutor question David on all of the facts, and the defense attorney had questioned him but had not asked David about any of those facts. The juror continued: "And what, I feel as though she never came out said to David, did this, this, or this happen to you? And why did she not ask him like the prosecuting attorney did if these facts are true, if these events took place." The court stated that it could not answer the question.

The entire cross-examination up to the last question set out above inquired about statements made prior to this trial. To hold that David's last answer above was contradictory of his other testimony at trial would require a finding that he was perceptive enough to realize that counsel had shifted gears and was no longer asking about the truth of a prior statement. In this connection, it should be noted that the next question after that quoted above resumed the line taken theretofore by referring to statements previously made during deposition.

It is common for the testimony of a child of tender years to contain some contradictions. *State v. Ginnery*, 617 S.W.2d 115, 117[3] (Mo.App.1981). Considering the entire direct and cross-examination, the tender age of the witness, and the stringent requirement of the rule, it cannot be said that the single answer of David constitutes such contradictory testimony that his entire testimony was deprived of all probative value. For these reasons, the rule of destructive contradiction has no application.

The judgment is affirmed.

All concur.