STATE of Missouri, Plaintiff–Respondent,

v.

Roger DURBIN, Defendant–Appellant.

Roger DURBIN, Defendant–Movant,

v.

STATE of Missouri, Plaintiff–Respondent.

Nos. 59171, 60640.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 21, 1992.

---

Emmett D. Queener, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Chief Judge.

After a jury trial defendant was sentenced to serve four years' imprisonment on the charge of sexual abuse in the first degree. Section 566.100 RSMo 1986. A motion court also denied defendant's post conviction motion pursuant to Rule 29.15 without an evidentiary hearing. We consider an appeal from the sentence and denial of post conviction relief.

Points I and III claim error requiring a new trial. If preserved, we would find these claims regarding error in admission of evidence intended for purposes of corroboration and improper closing argument to be without merit. They were not preserved and are not matters of plain error. We also find Point IV which argues ineffective assistance of counsel on the ground defendant waived his right to testify at trial "without full and fair explanation of his options" without merit. An extended consideration of these points would have no precedential value. Accordingly, they are denied. Rule 84.16(b).

The surviving claim of error is that the evidence was insufficient to support the conviction "because the victim repeatedly denied, during direct examination, any sexual contact until, by way of improper leading questions, she eventually answered the way the state wanted her to. A.S. was improperly led by the state and her testimony was inconsistent and was therefore unconvincing."

For purposes of this opinion, we accept defendant's argument made in Point I of the brief that there was no substantial corroborating evidence to support the testimony of A.S. that defendant did on February 19, 1989, enter a bedroom which she shared with her mother, kiss her on the neck and touch her anus through her clothing. The state offered evidence of witnesses which was probative only if A.S.'s change in behavior and moods was the result of defendant's acts. Other undisputed evidence could account for any unusual behavior witnessed by a school teacher and other relatives. We therefore assume there was no corroborating testimony. In sexual abuse cases a victim's testimony will ordinarily sustain a conviction in the absence of corroborating evidence. *State v. Hill*, 808 S.W.2d 882, 890 (Mo.App.1991). The issue is whether the uncorroborated testimony of A.S. was sufficient to sustain the conviction.

We review the issue of submissibility by viewing the evidence in the light most favorable to the state. *State v. Baldwin*, 571 S.W.2d 236, 239 (Mo. banc 1978). The scope of our review is limited to whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Hill*, 808 S.W.2d 882, 890 (Mo.App.1991). A.S. was eight years of age at the time of the charged crime. She was nine and one-half years old when she gave the following testimony which bears on the issue of submissibility.

A.S. testified she was in bed when defendant came into the room, started kissing her on her neck and touched her "behind and stuff." She told him to stop. In response to questions from the prosecuting attorney she gave the following testimony:

Q. Okay. After you went to bed did anybody come in the bedroom?
A. After awhile when I was asleep I woke up and I was hungry and I went and got a hot dog and then I went back in and Roger came in.
Q. Okay. Were you back in bed when Roger come in?
A. Yes.

Q. Were you laying down?

A. (Nods head).

Q. And what happened then?

A. He came in and started kissing on my neck and was touching my behind and stuff.

Q. Were the lights on or off?

A. Off.

Q. Did you cry out?

A. No.

Q. Did you say anything to him?

A. No. I told him to stop it.

Q. You told him to stop?

A. Yes.

Q. After you told him to stop, did he?

A. No.

Q. Did he remove any clothing?

A. No.

Q. Did he do anything with his fingers?

A. Just squeezed me.

Q. Did he touch your bottom?

A. Yes.

Q. Did he poke inside?

A. No.

Q. Did he poke through your clothing?

A. No.

Q. Did he hurt you?

A. Yes.

MRS. MONAGHAN: Your Honor, I object to the leading questions.

THE COURT: Overruled. You are leading but I'm going to let you.

Q. (By Mr. Lockenvitz) How did he hurt you, A____?

A. He squeezed me real tight and I told him to stop it but he wouldn't.

Q. Did he ever wiggle his finger?

A. No.

Q. Is Roger here today?

A. Yes, he is.

Q. Do you know how long this lasted?

A. About five or ten minutes.

Q. Okay. Did you tell anybody what happened?

A. Not for a long time.

Q. Why not?

A. Because he told me not to tell or I'd be in a lot of trouble.

Q. A____, I'm going to ask you about some more things that happened that night. Okay? I know it's not very easy for you. Did he ever touch your underwear?

A. Yes.

Q. And where at on your underwear?

A. My behind.

Q. Did he place his fingers near the area where you go to the bathroom?

A. No.

Q. Okay, I'm not talking about the front side, talking about the back side. Did he ever place his fingers there?

A. Yes.

Q. Okay. Is that when it hurt?

A. Yes.

Q. Was that through your underwear— I don't mean inside but from the outside?

A. Yes.

Q. And did it poke inside you a little ways?

A. Yes.

Defendant relies on earlier testimony that defendant did not "poke inside," did not poke through clothing and did not place his fingers "near the area where [she] go[es] to the bathroom." The question then becomes whether these answers and the quoted testimony is "inherently contradictory or such as to leave the court clouded with doubt" so that the conviction cannot stand without corroborating evidence. *State v. Hill,* 808 S.W.2d at 890. Did these answers deny defendant touched the anus?

■ Ordinarily the question of credibility is a matter for the jury. *Id.* Moreover, "imprecise expression by a young child regarding the date, time or exact details of a sexual experience is not self-destructive. It may affect the fact-finder's evaluation of credibility, but where the testimony includes a description of the elements essential to the offense, the prima facie case is made." *State v. White,* 674 S.W.2d 551, 553 (Mo.App.1984). Repeating, A.S. was nine and one-half years old at the time she testified. Sexual contact prohibited by § 566.100 RSMo 1986 is defined to include a touching of the anus. Section 566.010.-1(3). A poking or a poking inside is not an element. Nor is pain or injury an element.

The negative answers on these two matters are of no consequence. A.S.'s testimony was sufficient to describe the elements essential to the offense. *See White*, 674 S.W.2d at 553. We find any arguable inconsistencies insufficient to be held self-destructive. In the nature of this case there was no testimony which conflicted with the physical or surrounding circumstance or with common experience. On the contrary any inconsistency in the testimony of a child of tender years was a matter of credibility for the jury. Moreover, the point on appeal implicitly concedes the answers required for submissibility were ultimately given. In this case, A.S.'s testimony did not require corroboration.

We affirm the conviction and sentence and denial of post conviction relief.

AHRENS, J., concurs.

SMITH, P.J., dissents in separate opinion.

SMITH, Presiding Judge, dissenting.

I respectfully dissent.

Defendant contends that the evidence was not sufficient to establish the crime charged. I agree. The alleged victim, A.S., was almost eight years old at the time of the alleged offense. Her mother and father were separated in February of 1989 and divorced later that year. Father was her custodian at the time of the alleged offense and at the time of trial. The evidence indicates the divorce was acrimonious. On February 19, A.S. stayed at her mother's home. She was at that time in the custody of her father and this was the only occasion when she stayed with her mother after the separation. Defendant was a friend of the mother and he and A.S.'s father were bitter enemies. The information did not identify the nature of the conduct in which defendant engaged but alleged only that he subjected A.S. to sexual contact. The verdict-directing instruction identified the contact as touching the anus of A.S. through the clothing. I do not believe the excerpted portion of A.S.'s testimony set forth in the majority opinion adequately demonstrates the basis of defendant's claim that the evidence was insufficient to support the verdict. I, therefore, set forth at greater length the testimony of A.S.

"Q. Okay. After you went to bed did anybody come in the bedroom?

A. After awhile when I was asleep I woke up and I was hungry and I went and got a hot dog and then I went back in and Roger came in.

Q. Okay. Were you back in bed when Roger came in?

A. Yes.

Q. Were you laying down?

A. (Nods head).

Q. And what happened then?

A. He came in and started kissing on my neck and was touching my behind and stuff.

Q. Were the lights on or off?

A. Off.

Q. Did you cry out?

A. No.

Q. Did you say anything to him?

A. No. I told him to stop it.

Q. You told him to stop?

A. Yes.

Q. After you told him to stop, did he?

A. No.

Q. Did he remove any clothing?

A. No.

Q. Did he do anything with his fingers?

A. Just squeezed me.

Q. Did he touch your bottom?

A. Yes.

Q. Did he poke inside?

A. No.

Q. Did he poke through your clothing?

A. No.

Q. Did he hurt you?

A. Yes.

MRS. MONAGHAN: Your Honor, I object to the leading questions.

THE COURT: Overruled. You are leading but I'm going to let you.

Q. (By Mr. Lockenvitz) How did he hurt you?

A. He squeezed me real tight and I told him to stop it but he wouldn't.

Q. Did he ever wiggle his finger?

A. No.

Q. Is Roger here today?

A. Yes, he is.

Q. Do you know how long this lasted?

A. About five or ten minutes.

Q. Okay. Did you tell anybody what happened?

A. Not for a long time.

Q. Why not?

A. Because he told me not to tell or I'd be in a lot of trouble.

Q. A____, I'm going to ask you about some more things that happened that night. Okay? I know it's not very easy for you. Did he ever touch your underwear?

A. Yes.

Q. And where at on your underwear?

A. My behind.

Q. Did he place his fingers near the area where you go to the bathroom?

A. No.

Q. Okay. I'm not talking about the front side, talking about the back side. Did he ever place his fingers there?

A. Yes.

Q. Okay. Is that when it hurt?

A. Yes.

Q. Was that through your underwear—I don't mean inside but from the outside?

A. Yes.

Q. And did it poke inside you a little ways?

A. Yes."

On the same night as the occurrence testified to, the house of the father and of A.S. was destroyed by fire. Father attributed that fire to defendant. The state produced as witnesses A.S.'s teacher at the time of the occurrence and A.S.'s grandmother who furnished the daily care of A.S. The former testified to changes in A.S.'s behavior and school performance after February. She was unaware of the separation and divorce proceedings and initially attributed the changes to the trauma resulting from the fire. The grandmother also testified to changes in A.S.'s behavior and moods. The state offered no expert evidence as to the cause of the change in performance, behavior and moods. The change was temporary and before trial A.S. had returned to normal. Defendant on appeal posits error on the admission of the testimony of the teacher and the grandmother but for reasons not explained nor readily apparent no objection was made to the testimony at trial. I agree that the matter has not been preserved. I would not so cavalierly as the majority state that had it been preserved the claim of error would be meritless. I am unable to perceive the relevance of evidence of change of behavior where that change could equally have been caused by other circumstances as I set out hereafter.

In sexual abuse cases, the victim's testimony will ordinarily sustain a conviction even if no corroborating evidence is presented. *State v. Hill,* 808 S.W.2d 882 (Mo.App.1991) [19, 20]. There is an exception to that rule which has been recognized by the appellate courts of this state although increasingly criticized. *See, State v. Nelson,* 818 S.W.2d 285 (Mo.App.1991). Essentially, that exception provides that when the victim's testimony is of a contradictory nature or, when applied to the admitted facts of the case, her testimony is not convincing and leaves the court's mind clouded with doubts, she must be corroborated or a judgment cannot be sustained. *State v. Baldwin,* 571 S.W.2d 236 (Mo. banc 1978) [3, 4]. There is here no corroboration of A.S.'s testimony. No medical evidence was presented. The state relies upon the testimony of the teacher and the grandmother concerning changes in A.S.'s performance, behavior and moods as corroborating evidence. It has been stated that in cases involving violent crimes, such as sexual abuse, common sense teaches that behavior and personality changes often occur in the complainant. *State v. Burke,* 719 S.W.2d 887 (Mo.App.1986) [2]. "Where ... the *evidence shows* that the change was *caused by the crime*" courts have determined that the change "is *some* evidence that the crime occurred". *State*

*v. Pollard,* 719 S.W.2d 38 (Mo.App.1986) [1]. (Emphasis supplied.) Here there is no evidence that any changes in A.S. were caused by the alleged crime and the evidence established at least two other traumatic occurrences at the same time which "common sense" teaches could cause changes of the type involved here. Those occurrences were the burning of the victim's residence and the acrimonious divorce of her parents. For the jury to have concluded that the change in A.S. was the result of the alleged crime and to use that conclusion to support a determination that in fact the crime occurred would require the rankest of speculation.

The only evidence upon which a conviction could be based here is the testimony of A.S. Missouri courts recognize, although seldom find applicable, the rule concerning destructive contradictions. The rule proceeds on the premise that where contradictions or inconsistencies within the testimony are so diametrically opposed to one another as to preclude reliance thereon such contradictions or inconsistencies rob the testimony of all probative force. *State v. Kuzma,* 745 S.W.2d 700 (Mo.App.1987) [2]. The rule is applicable only to the respective elements of a witness' testimony at trial not to contradictions between trial testimony and prior statements. *Id.* If the state's evidence is inherently incredible, self-destructive or opposed to known physical facts, it will not be sufficient to permit a jury to find the defendant guilty beyond a reasonable doubt. *State v. Newberry,* 605 S.W.2d 117 (Mo.1980) l.c. 121. The fact that a witness' testimony may to some extent be contradictory does not prevent it from constituting substantial evidence. *Id.*

My examination of the testimony of A.S., set out above, causes me to conclude that it was so contradictory as to be self-destructive on the essential element of the case, defendant's sexual contact with A.S. Her initial testimony was that defendant touched her "behind" and "bottom". No attempt was made to determine the part of the anatomy the witness was referring to

by the use of those terms. Sexual contact requires (under § 566.010, RSMo 1991 Supp.) that the touching be of either the genitals or the anus. "Behind" and "bottom" might apply to the anus but could equally apply to the buttocks and a touching there is not prohibited by the statute. The witness denied that defendant did anything with his fingers other than squeeze her and denied that he poked inside. She stated the squeezing gave her pain. Even under the prosecutor's leading questions A.S. denied that defendant placed his fingers near the area where she went to the bathroom. The prosecutor then asked about the backside, not the front side, and whether defendant placed his fingers "there". The "there" apparently referred back to the previous location *"near* the area where she went to the bathroom" which might or might not include the anus. Finally, after having denied several times that defendant poked her she finally answered yes to the leading question of "did it poke inside you a little ways?". The testimony of the witness on the key issue in the case was so internally contradictory and indefinite that it failed to prove the issue.

In the civil area we have recognized that if the evidence supports inconsistent conclusions of equal probability the party having the burden of proof has failed to make a submissible case. *Williams v. Cavender,* 378 S.W.2d 537 (Mo.1964) [2–4]; *Smith v. Gravois Rest Haven, Inc.,* 662 S.W.2d 880 (Mo.App.1983) [2]; *Rohner v. Bi–State Development Agency,* 728 S.W.2d 626 (Mo. App.1987) [2]. In the criminal law where the burden on the state is higher than in the civil area the same is obviously true. The testimony of A.S. supported inconsistent conclusions of equal probability, one pointing to guilt and one to innocence. No explanation was given as to why the testimony was in such total disagreement. There was no basis for the jury to make a determination of which part of the testimony it would credit. While juries have great leeway in crediting testimony, I cannot accept that given the testimony here it is

possible for a reasonable person to find guilt beyond a reasonable doubt.

I would reverse.