**TA REALTY ASSOCIATES FUND V, L.P., Appellant,**

v.

**NCNB 1500, INC., Respondent.**

**No. ED 83232.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 21, 2004.

Michael B. Stern, St. Louis, MO, for appellant.

Patrick J. McCarthy, St. Louis, MO, for respondent.

MARY R. RUSSELL, P.J.

TA Realty Associates Fund V, L.P. ("Landlord") appeals from a judgment entered by the Circuit Court of St. Louis County denying its claim for damages resulting from the breach of a lease by NCNB 1500, Inc. ("Tenant"). Landlord alleges that the trial court erred by ruling that its failure to fully comply with a subpoena *duces tecum* precluded judgment in its favor. Landlord also alleges that the court erred in denying its claim because it fully proved a prima facie case for breach of lease, including resultant damages. We reverse the decision of the trial court and remand for entry of judgment in Landlord's favor and for a determination of damages.

Tenant executed a five-year Lease Agreement, in 1998, with WHCTS Real Estate Limited Partnership ("WHCTS") for office space located at 120 South Central Avenue in Clayton ("the Premises"). Under the lease, rent was based on a monthly base rent together with escalation charges and operating expenses including taxes, maintenance and repairs, and a pro rata share of the electric charges. WHCTS later sold its interest in the building, including its lease with Tenant, to Landlord.

Tenant entered into a valid sub-lease agreement two years later with Blitz, Bardgett and Deutsch, L.C. ("Subtenant") covering 69% of the Premises. Under the terms of the sub-lease, Subtenant paid rents directly to Landlord to be credited against Tenant's lease obligations. Landlord consented to the sub-lease. Tenant left the Premises on July 1, 2002, but did not terminate its lease. Subtenant remained and continued to pay rent directly to Landlord a sum which did not cover the entire rent obligation of Tenant.

Landlord filed suit against Tenant for breach of lease. In its petition, Landlord sought recovery of unpaid rent and attorney's fees. In response to the petition, Tenant filed an answer containing the affirmative defense of Landlord's failure to mitigate damages. Tenant pled the following facts:

1. [Tenant] vacated premises on July 1, 2002, with the understanding that the [Subtenant] had negotiated a lease for other space in the building and Landlord would re-let the Premises.

2. [Tenant] did not continue to occupy the space or sublet based upon a belief that the entire premises was to be re-let thereby denying [Tenant] the opportunity to take steps to prevent liability to [Landlord].

3. ... [Landlord] refused to permit [Subtenant] to relocate despite an agreement and thereby increased the obligation of [Tenant] and failing [sic] to take steps to mitigate the damages.

Landlord did not file a reply to the affirmative defense.

Tenant conducted no discovery. Prior to trial, Tenant served a subpoena *duces tecum* upon Landlord's custodian of records, Arnetta Buchanan ("Witness"), requesting "[D]ocuments, records, notes, memoranda concerning or touching upon the Lease by NCNB 1500, Inc. and any sublessee, including but not limited to Blitz, Bardgett and Deutsch, L.C., its predecessor and successor firms, particularly as to other Lease offers and negotiations whether consummated [sic] or not."

Witness brought to trial records and documents from Tenant's lease file. She did not bring documents relating to Subtenant or any other sublessee of the Premises. Tenant never argued or objected at trial that Witness's failure to produce all records sought under the subpoena preju-

diced Tenant's case, nor did Tenant seek any form of judicial relief. Tenant produced no evidence or witnesses of its own.

Witness presented evidence establishing that Tenant was in arrears in the amount of $55,457.50. She admitted that part of the amount due was electric charges, but could not explain how Tenant was incurring electric charges when they were no longer· occupying space in the Premises.

After trial, the court entered a Memorandum, Order and Judgment finding in favor of Tenant and denying damages for breach of lease to Landlord. The court found that because Landlord was able to frustrate Tenant's case by failing to comply with the subpoena, a ruling in favor of Landlord would result in fundamental unfairness. The court also found that because Landlord failed to produce evidence sought by Tenant to advance its affirmative defenses, no evidence existed from which a fact finder could determine the sum due on the lease. Landlord timely filed its notice of appeal.

■ On review of court-tried actions, this court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Landlord raises three points on appeal. The points are interrelated, so we address them together. It first alleges that the trial court erred by ruling against it on the basis of its failure to comply with the subpoena *duces tecum*. Second, Landlord asserts that Tenant had the burden of proving affirmative defenses and Tenant's failure to object to the lack of evidence produced at trial constituted a waiver of the right to use that evidence. Finally,

Landlord alleges that the court's ruling was against the weight of the evidence because it proved a prima facie case of breach of lease, including resultant damages. We agree.

■ We first address Tenant's argument that Landlord's failure to file a reply admitted Tenant's affirmative defense based upon section 509.090 RSMo 2000[1] and Rule 55.09. Section 509.090 requires that, "[A] defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." Rule 55.09 states that, "[S]pecific averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleadings."

This is an action, however, before an associate circuit court under Chapter 535 for rent and possession and is governed by the procedural statutes in Chapter 517. Section 517.031 states that there shall be a petition and pleadings containing affirmative defenses, counterclaims and cross-claims. Section 517.031(2) states, "[N]o other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross-claims shall be considered denied ..." Landlord, therefore, was not required to file a reply, and Tenant's affirmative defense was deemed denied.

■ Next, we address the trial court's ruling that Landlord's failure to produce evidence concerning sublease agreements frustrated Tenant's ability to carry its burden of proof in regard to its affirmative defense. Landlord argues that because Tenant did not object to Witness's noncompliance with the subpoena, its right to rely on the missing evidence was waived

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

and, therefore, Tenant failed to carry its burden of proof.

■ Defendants carry the burden of proof on all affirmative defenses. *Warren v. Paragon Technologies Group, Inc.*, 950 S.W.2d 844, 846 (Mo. banc 1997). A lessor's failure to mitigate damages after a breach of a commercial lease is an affirmative defense which must be proven by the breaching lessee. *Jacobs v. Georgiou*, 922 S.W.2d 765, 771 (Mo.App.1996).

■ In order to support a ruling against a party for failure to comply with a subpoena *duces tecum*, the burden is on the party desiring the evidence to seek relief from the trial court. *State v. Mixen*, 426 S.W.2d 92, 94 (Mo.1968). When no objection is made or other relief is sought by the party seeking the evidence, the right to use that evidence is waived. *Rohner v. Bi–State Dev. Agency*, 728 S.W.2d 626, 628 (Mo.App.1987).

In *Rohner*, a hospital patient, who was injured while trying to use a bedpan, sued the hospital and sought to procure the Nurses Service Patient Care Procedural Manual through a subpoena *duces tecum*. *Id.* The manual was produced at trial; however, the sections dealing with proper use of bedpans were missing. *Id.* Plaintiff questioned the witness regarding the sections of the manual that were produced, but plaintiff made no inquiry regarding the missing sections. *Id.* Plaintiff made no objection and did not request relief of any kind from the trial court. *Id.* It was not until plaintiff filed a motion for a new trial that any objection was made concerning the omission of the sections. *Id.* at 629. The court held that plaintiff's failure to object or seek relief during trial regarding the omission constituted a waiver of the right to use that evidence. *Id.* at 628.

Like the plaintiff in *Rohner*, Tenant never objected or requested relief from the trial court regarding Landlord's failure to produce records concerning Subtenant or any other subleases of the Premises. Because Tenant had the burden of proving the affirmative defense of mitigation, it was Tenant's responsibility to request relief regarding noncompliance with the subpoena. Its failure to do so constituted a waiver of the use of that evidence and, therefore, it was error for the trial court to consider mitigation in its ruling.

■ The trial court also ruled that Landlord's failure to comply with the subpoena precluded judgment it its favor because without the evidence regarding subleases, damages could not be determined. Landlord argues it successfully proved its prima facie case for breach of lease including resultant damages. We agree.

■ A lease is both a conveyance of an interest in land and a contract. *8182 Maryland Assocs., Ltd. P'ship v. Sheehan*, 14 S.W.3d 576, 584, 585 (Mo. banc 2000). To establish a prima facie case, a plaintiff must establish the existence of a valid lease, mutual obligations arising under the lease, that defendant did not perform, and that plaintiff was thereby damaged by the breach. *Rice v. W. End Motors, Co.*, 905 S.W.2d 541, 542 (Mo.App.1995) (discussing the elements of a breach of contract). A party claiming damages for breach must prove their existence and amount with reasonable certainty. *Delgado v. Mitchell*, 55 S.W.3d 508, 512 (Mo.App.2001). "Proof of actual facts which present a basis for a rational estimate of damages without resorting to speculation is required." *Id.*

At trial, the Lease Commencement Agreement between Landlord and Tenant was entered into evidence. The Agreement, signed by both parties, set forth the terms of the lease including duration and rent. Witness testified that Tenant failed to pay rents due pursuant to the lease and entered into evidence Landlord's occupant

ledger listing the payment history of Tenant. The ledger showed that Tenant had not paid on the lease in 14 months and was in arrears in the amount of $55,457.50. Tenant failed to object or to otherwise refute any of this evidence. Witness, however, could not testify as to why Tenant was being charged for a portion of the electric bill. There was insufficient evidence before the court to determine what amount, if any, Tenant owed Landlord for electric charges.

We find that the trial court's ruling was against the weight of the evidence because Landlord proved a prima facie case of breach of lease. Landlord produced evidence proving the existence of a valid lease with Tenant. Landlord also produced evidence establishing Tenant's failure to perform its obligation to pay rent and the amount of resultant damages. We, therefore, reverse the judgment of the trial court denying Landlord's claim and remand for entry of judgment in Landlord's favor for damages in the full amount of Tenant's unpaid rent obligation excluding electric charges.

WILLIAM H. CRANDALL, JR. and CLIFFORD H. AHRENS, JJ., concur.